UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------x
PERMASTEELISA NORTH AMERICA
CORP.,

              Plaintiff-Respondents,

   -against-

LIBERTY MUTUAL FIRE INSURANCE
COMPANY,

              Defendant-Petitioner.
---------------------------------------------------------x

Civil Action No.

**NOTICE OF REMOVAL**

**M A D A M S/S I R S:**

        Defendant-Petitioner LIBERTY MUTUAL FIRE INSURANCE COMPANY

("Liberty Mutual"), by its attorneys, JAFFE & ASHER LLP, respectfully alleges as follows:

        1.     On or about May 13, 2008, Liberty Mutual was served with a

Summons and Complaint in an action entitled <u>Permasteelisa North America Corp. v.</u>

<u>Liberty Mutual Fire Insurance Company</u>, Index No. 106641/08, which was commenced

on May 13, 2008, in the Supreme Court of the State of New York, County of New York.

        2.     The Complaint asserts two causes of action under an insurance

policies allegedly issued by Liberty Mutual, pursuant to which plaintiffs seek insurance

coverage for the action entitled <u>Patrick O'Keefe and Margaret O'Keefe v. Tishman West</u>

<u>Side Construction of New York, Tishman Realty & Construction Co., Inc., Tishman Realty</u>

<u>Corp., and Starwood Hotels & Resorts Worldwide, Inc.</u>, Index No. 102449/04, which

was also commenced in the Supreme Court of the State of New York, County of New

York (the "Underlying Action"). In the first cause of action, plaintiffs seek a declaratory

1

judgment that Liberty Mutual owes a defense and indemnity to plaintiff PERMASTEELISA NORTH AMERICA CORP. ("Permasteelisa") in the Underlying Action and is responsible for reimbursing Permasteelisa's insurer, Travelers Indemnity Company, for defense costs expended defending the Underlying Action. In the second cause of action, Permasteelisa seeks a declaratory judgment that Liberty Mutual owes it a duty to indemnify for the Underlying Action. A copy of the Summons and Complaint is annexed hereto as Exhibit "1".

3.    The Notice of Removal is being filed by Liberty Mutual within thirty (30) days of the service of the Summons and Complaint and is timely filed pursuant to 28 U.S.C. § 1441, 1446.

4.    Liberty Mutual's time to move, answer, or otherwise respond to the Complaint has not expired.

5.    This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. § 1332; the amount in controversy exceeds $75,000.00 and Permasteelisa and Liberty Mutual are citizens of different states.

6.    Upon information and belief, at all relevant times, Permasteelisa was, and still is, a corporation duly organized under the laws of the State of Delaware, with its principal place of business located at 123 Day Hill Road, Windsor, Connecticut.

7.    At all relevant times, Liberty Mutual was, and still is, a stock insurance company organized under the laws of the State of Wisconsin, with its principal place of business located at 175 Berkeley Street, Boston, Massachusetts.

8.    Written notice of the filing of the Notice of Removal shall be given to adverse parties, and Liberty Mutual shall file the notice with the Clerk of the Supreme Court of the State of New York, County of New York, as required by law.

9.    Liberty Mutual has not answered, moved, or otherwise responded to the Complaint, and no other proceedings have occurred heretofore in this action.

10.    No previous application for the relief requested herein has heretofore been made.

**WHEREFORE,** defendant-petitioner LIBERTY MUTUAL FIRE INSURANCE COMPANY respectfully requests that this action be removed to this Court.

Dated: New York, New York
       May 23, 2008

Yours, etc.,

JAFFE & ASHER LLP

By:

Marshall T. Potashner (MTP-3552)
Attorneys for Defendant-Petitioner
LIBERTY MUTUAL FIRE INSURANCE
COMPANY
600 Third Avenue, 9th Floor
New York, New York 10016
(212) 687-3000

3

# EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

---------------------------------------------------------------x

PERMASTEELISA NORTH AMERICA CORP.,

                Plaintiff,

           v.

LIBERTY MUTUAL FIRE INSURANCE
COMPANY,

                Defendant.

---------------------------------------------------------------x

**SUMMONS**

Index No. _10604/08_

Purchased on: _5/13/08_

NEW YORK
COUNTY CLERK'S OFFICE

MAY 13 2008

NOT COMPARED
WITH COPY FILE

*13-08*
*p 3*

TO:    Liberty Mutual Fire Insurance Company
        175 Berkeley Street
        Boston, MA 02117

        **YOU ARE HEREBY SUMMONED** and required to answer the attached complaint of the plaintiff and to serve copies of your answer on the plaintiff's attorneys within 20 days after service of this summons, exclusive of the day of service (or within 30 days after service is complete if this summons is not personally delivered to you within the State of New York).

        If you do not serve an answer to the attached complaint within the applicable time limitation stated above, a judgment may be entered against you, by default, for the relief demanded in the complaint.

        The action will be heard in the Supreme Court of the State of New York, in and for the County of New York. The basis of the venue designated is because Plaintiff and Defendant are corporations authorized to do business in the state and Plaintiff is a resident of the county.

Dated: New York, NY
May 13, 2008

Respectfully submitted,

CLIFTON BUDD & DeMARIA, LLP
Attorneys for Permasteelisa North America Corp.

By: _____

Robert J. Tracy
Sheryl Ewart Sorensen
420 Lexington Avenue, Suite 420
New York, New York 10170
(212) 687-7410

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------x

PERMASTEELISA NORTH AMERICA CORP.,

       Plaintiff,

       v.

LIBERTY MUTUAL FIRE INSURANCE
COMPANY,

       Defendant.

------------------------------------------------------------x

**COMPLAINT**

Index No. __166041/08__

 

Plaintiff, Permasteelisa North America Corp. ("Plaintiff"), by and through its attorneys, Clifton Budd & DeMaria, LLP, as and for its Complaint against Defendant, Liberty Mutual Fire Insurance Company ("Liberty"), alleges as follows:

## THE PARTIES

1.     Plaintiff is a foreign corporation incorporated within the State of Delaware that, among other things, installs exterior facades on construction projects in New York and elsewhere. It maintains a business office located at 123 Day Hill Road, Windsor, Connecticut and does business in the State and County of New York.

2.     Upon information and belief, Defendant Liberty is a foreign corporation with an office located at 175 Berkeley Street, Boston, MA 02116. Defendant Liberty is a company principally engaged in providing commercial, property and liability insurance products and

services, including liability insurance coverage and is authorized to do business and does do business within the State and County of New York.

3.    In or about December 2005, Permasteelisa Cladding Technologies, Ltd. ("PCT") became Permasteelisa Cladding Technologies, L.P. ("PCT II"); and in or about February 2008, PCT II merged into Plaintiff such that plaintiff is the successor in interest of PCT.

## THE UNDERLYING ACTION

4.    By Summons and Complaint dated February 9, 2004, Patrick O'Keefe ("O'Keefe") and Margaret O'Keefe commenced an action against Plaintiffs Tishman West Side Construction of New York, Tishman Realty & Construction Co., Inc., Tishman Realty Corp. (collectively "Tishman"), and Starwood Hotels & Resorts Worldwide, Inc. ("Starwood"), in Supreme Court of the State New York, County of New York entitled, *Patrick O'Keefe and Margaret O'Keefe v. Tishman West Side Construction of New York, Tishman Realty & Construction Co., Inc., Tishman Realty Corp., and Starwood Hotels & Resorts Worldwide, Inc.* Index No. 102449/04 (the "*O'Keefe* Action").

5.    In *O'Keefe* action, Plaintiff O'Keefe alleges that he was injured and suffered bodily injuries when he was struck in the head by a piece of window trim on August 26, 2003, in the course of his employment for Tower Installation, ("Tower"), a subcontractor of PCT, while working on a project constructing the Westin Hotel located at 270 West 43rd Street in New York, New York.

6.    In the connection with the *O'Keefe* action, Tishman commenced a third-party action for contribution and indemnification against PCT.

## THE INSURANCE POLICY AND LIBERTY LIABILITY

7.      Liberty issued a general liability policy which included a Contractor Controlled Insurance Program ("CCIP"), to Tishman, bearing policy number RG2-621-004503-020, with policy period from June 1, 2000 to March 1, 2003, with such insurance extending coverage to Tishman's contractors and subcontractors working at the 270 West 43rd Street location, including but not limited to PCT and its subcontractors.

8.      The CCIP contains a provision which extends the policy period for completed operations coverage through and including March 1, 2008 with respect to *inter alia* "bodily injury" that occurs after the acceptance of the project by the owner.

9.      In the *O'Keefe* Action, it is alleged that O'Keefe's accident occurred on August 26, 2003, after the project was substantially completed, after a certificate of occupancy was issued, and after the building was put to its intended use by its owner.

10.     Liberty has wrongfully refused and otherwise failed to defend and indemnify PCT in the third-party action under the CCIP issued to Tishman, despite due demand therefor.

11.     PCT was unaware of the existence of the five year extension of the policy period in the CCIP in or about May 2005 when the Tishman third-party action was filed.

12.     Promptly after PCT discovered the existence of the five year extension provision in the CCIP, PCT, through its excess insurer AIG wrote to Liberty on June 25, 2007 demanding defense and indemnity for PCT with respect to the *O'Keefe* action. Liberty formally denied coverage to PCT by letter on July 9, 2007.

13.     On or about July 16, 2007, PCT's primary insurer Travelers Indemnity Company ("Travelers") also wrote to Liberty on PCT's behalf, demanding that Liberty defend and

3

indemnify PCT under the CCIP. Liberty again denied coverage to PCT by letter dated July 16, 2007 and has taken no action with respect to its defense and indemnity obligations owed to PCT.

## AS AND FOR A FIRST CAUSE OF ACTION

14.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "13" as if set forth at length herein.

15.    Upon information and belief, the Liberty policy was in full force and effect on August 26, 2003.

16.    PCT and its subcontractors are enrolled and covered entities under the CCIP with respect to the *O'Keefe* Action.

17.    Demand has been made upon Liberty to undertake the defense of PCT in the *O'Keefe* action, but such has not been undertaken.

18.    By failing to undertake the defense of PCT in the *O'Keefe* Action, Liberty has failed to fulfill its obligations under the CCIP in the Liberty policy.

19.    As a result of Liberty's failure to defend PCT, PCT's primary insurer Travelers is defending PCT in the *O'Keefe* Action.

20.    Plaintiff is entitled to a judicial declaration that Liberty is obliged to: (1) defend PCT in the *O'Keefe* Action on a primary non-concurrent basis; and (2) reimburse Travelers, for sums expended in defending PCT in the *O'Keefe* Action.

## AS AND FOR A SECOND CAUSE OF ACTION

21.    Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "13" and "15" through "20" as if set forth at length herein.

4

22.    Demand has been made upon Liberty to indemnify PCT with respect to the *O'Keefe* action.

23.    Liberty has wrongfully refused and otherwise failed to indemnify PCT in the *O'Keefe* action.

24.    Plaintiff is entitled to a judicial declaration that Liberty is obliged to indemnify PCT for any verdict, judgment, or settlement in the *O'Keefe* Action on a primary non-concurrent basis.

WHEREFORE, Plaintiff requests a judgment:

(a)    declaring that Liberty is obliged to defend PCT in the *O'Keefe* Action on a primary non-concurrent basis;

(b)    declaring that Liberty is obliged to reimburse Travelers for all sums expended in defending PCT in the *O'Keefe* Action;

(c)    declaring that Liberty is obliged to indemnify PCT on a primary non-concurrent basis for any verdict, judgment, or settlement in the *O'Keefe* Action up to the limits in the CCIP;

(d)    awarding Plaintiff the costs and disbursements of this action, including but not limited to, reasonable attorney's fees; and,

(e)    awarding Plaintiff such other and further relief as this Court deems just and proper.

Dated: May 12, 2008
       New York, New York

Respectfully submitted,

CLIFTON BUDD & DeMARIA, LLP
Attorneys for Permasteelisa North America Corp.

By: _____
      Robert J. Tracy
      Sheryl Ewart Sorensen
      420 Lexington Avenue, Suite 420
      New York, New York 10170-0089
      (212) 687-7410

STATE OF NEW YORK, COUNTY OF                                                                 ss.:

I, the undersigned, an attorney admitted to practice in the courts of the New York State,

**Certification By Attorney** [ ]        certify that the within

has been compared by me with the original and found to be a true and complete copy.

state that I am

**Attorney's Affirmation** [ ]        the attorney(s) of record for

action, I have read the foregoing                                                                 in the within

and know the contents thereof,

the same is true to my own knowledge, except as to the matters therein alleged to be on information and belief, and as to those matters
I believe it to be true. The reason this verification is made by me and not by

The grounds of my belief as to all matters not stated upon my own knowledge are as follows:

I affirm that the foregoing statements are true, under the penalties of perjury

Dated.

_____

The name signed must be printed beneath

STATE OF NEW YORK, COUNTY OF                                                 ss.:

I,                                                                 being duly sworn, depose and say: I am

**Individual Verification** [ ]        in the within action, I have read the foregoing

and know the contents thereof, the same is true to my own knowledge, except
as to the matters therein stated to be alleged on information and belief, and as to those matters I believe it to be true.

**Corporate Verification** [ ]        the                                         of

a                                         corporation and a party in the within action, I have read the foregoing

and know the contents thereof, and the same is true to my own knowledge,
except as to the matters therein stated be alleged upon information and belief, and as to those matters I believe it to be true. This
verification is made by me because the above party is a corporation and I am an officer thereof.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows.

Sworn to before me on                                         20

_____

The name signed must be printed beneath.

STATE OF NEW YORK, COUNTY OF                                                 ss.:        (If more than one box is checked – indicate after names type of service used.)

I,                                                                 being sworn, say, I am not a party to the action, am over 18 years
of age and reside at

On                                         20                I served the within

**Service By Mail** [ ]        by depositing a true copy thereof enclosed in a post-paid wrapper, in an official depository under the exclusive care and
custody of the U.S. Postal Service within New York State, addressed to each of the following persons at the last known
address set forth after each name:

**Personal Service on Individual** [ ]        by delivering a true copy thereof personally to each person named below at the address indicated. I knew each person
served to be the person mentioned and described in said papers as *a party therein*

**Service by Electronic Means** [ ]        by transmitting the papers by electronic means to the telephone number listed below, which number was designated by
attorney for such purpose. I received a signal from the equipment of the attorney served indicating that the transmission was
received. I also deposited a true copy of the papers, enclosed in a post-paid wrapper, in an official depository under the
exclusive care and custody of the U.S. Postal Service, addressed to the attorney at the address set forth after the name:

**Overnight Delivery Service** [ ]        by depositing a true copy thereof, enclosed in a wrapper addressed as shown below, into the custody of
for overnight delivery, prior to the latest time designated by that service for overnight delivery

Sworn to before me on                                         20

_____

The name signed must be printed beneath

Due and timely service of a copy of the within is hereby admitted this ___ day of ___ , 20 ___ .

Attorney for ___

Clerk's Index No. ___    Year 20 08

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

PERMASTEELISA CLADDING TECHNOLOGIES, LTD.,

Plaintiff,

v.

LIBERTY MUTUAL GROUP, LTD.,

Defendant.

SUMMONS and COMPLAINT

COPY

CLIFTON BUDD & DEMARIA, LLP

Attorneys for    PLAINTIFF

No. 420 LEXINGTON AVENUE

Borough of Manhattan    New York, N.Y. 10170

(212) 687-7410

═══ NOTICE OF ENTRY ═══

Sir — Please take notice that the within is a (certified) true copy of a
duly entered in the office of the clerk of the within named court on ___ 20 ___

Dated ___    Yours, etc.,

CLIFTON BUDD & DEMARIA, LLP

Attorneys for

No. 420 LEXINGTON AVENUE

Borough of Manhattan    New York, N.Y. 10170

To

Attorney for

═══ NOTICE OF SETTLEMENT ═══

Sir — Please take notice that an order

of which the within is a true copy will be presented for settlement to the Hon.

one of the judges of the within named court, at

on ___ 20 ___
at ___ M.
Dated ___    Yours, etc.,

CLIFTON BUDD & DEMARIA, LLP

Attorneys for

No. 420 LEXINGTON AVENUE

Borough of Manhattan    New York, N.Y. 10170

To

Attorney for

Form 229

Corporation Service Company
Liberty Mutual Fire Insurance Company
80 State Street
Albany, NY  122072545

STATE OF NEW YORK
INSURANCE DEPARTMENT
ONE COMMERCE PLAZA
ALBANY, NY  12257

STATE OF NEW YORK
INSURANCE DEPARTMENT
One Commerce Plaza
Albany, NY 12257

STATE OF NEW YORK
Supreme Court, County of New York

........................................................................................................

PERMASTELLISA NORTH AMERICA CORP.                                                 106641/08

                              against              Plaintiff(s)
Liberty Mutual Fire Insurance Company

                                                   Defendant(s)

........................................................................................................

RE :  Liberty Mutual Fire Insurance Company

Attorney for Plaintiff(s) and Defendant  please take notice as follows:

Sirs :
Attorney for Plaintiff(s) is hereby advised of acknowledgement of service upon me of
Summons and Complaint in the above entitled action on May 13, 2008 at New York,
New York. The $40 fee is also acknowledged.

Original to Attorney for Plaintiff(s) :

    Clifton Budd & DeMaria, LLP
    Attorneys at Law
    420 Lexington Avenue
    New York, New York 10170

Pursuant to the requirement of section 1212 of the Insurance Law, Defendant is hereby
notified of service as effected above. A copy of the paper is enclosed.

Duplicate to  Defendant

    Corporation Service Company
    Liberty Mutual Fire Insurance Company
    80 State Street
    Albany, New York 12207-2543

                        *Clark J. Williams*

                        by Clark J. Williams
                        Special Deputy Superintendent

Dated Albany, New York, May 14, 2008

431693       C.A.#191316