SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
------------------------------------------------------------x
PERMASTEELISA NORTH AMERICA                    Index No. 106641/08
CORP.,

               Plaintiff

    -against-

LIBERTY MUTUAL FIRE INSURANCE
COMPANY,

               Defendant
------------------------------------------------------------x

# MEMORANDUM OF LAW IN SUPPORT OF LIBERTY MUTUAL'S MOTION TO DISMISS

Jaffe & Asher LLP
600 Third Avenue, 9th Floor
New York, New York 10016
(212) 687-3000

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES**...........................................................................ii

**PRELIMINARY STATEMENT**....................................................................1

**STATEMENT OF ALLEGATIONS**..............................................................2

**ARGUMENT**..............................................................................................4

       **Point I** TRAVELERS AND NATIONAL UNION ARE THE REAL
       PARTIES IN INTEREST AND NECESSARY AND INDISPENSIBLE
       PARTIES TO THIS ACTION...............................................................4

       **Point II** PERMASTEELISA IS NOT ENTITLED TO RECOVERY OF ITS
       ATTORNEYS' FEES IN PROSECUTING THIS ACTION.........................8

**CONCLUSION**............................................................................................9

# TABLE OF AUTHORITIES

Kantrowitz v. Allstate Indem. Co.,
48 A.D.3d 753, 853 N.Y.S.2d 151 (2d Dep't 2008) ............................................... 9

Ocean Ships, Inc. v. Stiles,
315 F.3d 111 (2d Cir. 2002)..................................................................................6,7

Patterson Enterprises, Inc. v. Bridgestone/Firestone, Inc.,
812 F. Supp. 1152 (D. Kan. 1993)........................................................................ 5

Reliant Airlines, Inc. v. County of Broome,
No. 90-CV-537, 1993 WL 276747 (July 19, 1993) .............................................6,7

U.S. v. Aetna Cas. & Sur. Co.,
338 U.S. 366 70 S. Ct. 207 (1949)......................................................................6,7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

PERMASTEELISA NORTH AMERICA                 Civil Action No.
CORP.,                                      08 Civ. 4663 (LAK)(AJP)

                        Plaintiff,

        -against-

LIBERTY MUTUAL FIRE INSURANCE
COMPANY,

                        Defendant.

-----------------------------------------------------------x

## MEMORANDUM OF LAW IN SUPPORT OF
## LIBERTY MUTUAL'S MOTION TO DISMISS

### PRELIMINARY STATEMENT

Defendant LIBERTY MUTUAL FIRE INSURANCE COMPANY ("Liberty

Mutual") submits this memorandum of law in support of its motion for an Order, pursuant

to Fed. R. Civ. P. 12(b)(6) & (7), Fed. R. Civ. P. 17(a), and Fed. R. Civ. P. 19(a),

dismissing the Complaint of plaintiff PERMASTEELISA NORTH AMERICA CORP.

("Permasteelisa") unless Travelers Indemnity Company ("Travelers") and National Union

Fire Insurance Company of Pittsburgh, PA ("National Union") are substituted in the place

and instead of Permasteelisa as the real parties in interest and as necessary and indispensible

parties in the fair and just adjudication of the issues herein, dismissing Permasteelisa's pray

for recovery of the attorneys' fees incurred in prosecuting this action, and granting Liberty

Mutual the costs and disbursements of this action, together with such other and further

relief as this Court deems just and proper.

1

Permasteelisa brought this action seeking coverage from Liberty Mutual for an underlying action entitled Patrick O'Keefe and Margaret O'Keefe v. Tishman West Side Construction of New York, Tishman Realty & Construction Co., Inc., Tishman Realty Corp., and Starwood Hotels & Resorts Worldwide, Inc., Index No. 102449/04, pending in the Supreme Court of the State of New York, County of New York (the "Underlying Action"). Permasteelisa's alleged predecessor in interest is a third-party defendant in the Underlying Action. Permasteelisa is already being fully defended in the Underlying Action by Travelers. In addition, Permasteelisa seeks a declaratory judgment that Liberty Mutual's coverage is primary to coverage afforded Permasteelisa by Travelers and National Union. As such, Travelers and National Union are both the real parties in interest and necessary and indispensible parties to this suit.

Accordingly, this action must be dismissed unless Travelers and National Union are substituted for Permasteelisa as the proper party plaintiffs. In addition, there is no basis for the award of attorneys' fees for the prosecution of the instant action, and that pray for relief in the ad damnum of the Complaint should be dismissed.

## STATEMENT OF ALLEGATIONS

Permasteelisa alleges that it is the successor-in-interest to Permasteelisa Cladding Technologies, Ltd. ("PCT"). Permasteelisa alleges that Patrick O'Keefe and Margaret O'Keefe commenced the Underlying Action on February 9, 2004. In the Underlying Action, Patrick O'Keefe alleges that he suffered bodily injuries when he was struck in the head by a piece of window trim on August 26, 2003, in the course of his

2

employment while working on a project constructing the Westin Hotel located at 270 West 43rd Street, New York, New York. O'Keefe was an employee of Tower Installation, a subcontractor of PCT. In the Underlying Action, Tishman West Side Construction of New York, Tishman Realty & Construction Co., Inc., Tishman Realty Corp. (collectively "Tishman") commenced a third-party action for contribution and indemnification against PCT.

Permasteelisa alleges that Liberty Mutual issued a general liability policy, which included a Contractors Controlled Insurance Program to Tishman, bearing policy No. RG2-621-004503-020, with a policy period from June 1, 2000 to June 1, 2003. Permasteelisa alleges that PCT's excess insurer, National Union,[1] tendered the defense and indemnity of PCT for the Underlying Action to Liberty Mutual by letter dated June 25, 2007. Liberty Mutual disclaimed coverage by letter dated July 9, 2007.

On or about July 16, 2007, Travelers wrote a letter to Liberty Mutual demanding a defense and indemnity for PCT. Liberty Mutual again disclaimed coverage, by letter dated July 16, 2007.

Most important for this motion, Permasteelisa specifically alleges that Travelers is defending PCT in the Underlying Action. (Complaint ¶ 19.) In the first cause of action, Permasteelisa seeks relief on behalf of Travelers. Thus, it seeks "a judicial declaration that Liberty is obliged to: (1) defendant PCT in the *O'Keefe* Action on a primary non-concurrent basis; and (2) reimburse Travelers, for sums expended in

---

[1] National Union is the specific AIG entity that insures PCT.

defending PCT in the *O'Keefe* Action." (Complaint ¶ 20.)  Permasteelisa does not seek

relief on its own behalf.  It does not allege that it incurred any costs for the defense of the

Underlying Action.

In the second cause of action, seeks a "judicial declaration that Liberty is

obliged to indemnify PCT for any verdict, judgment, or settlement in the *O'Keefe* Action

on a primary non-concurrent basis." (Complaint ¶ 20.)  In essence, this is a declaratory

judgment action seeking a determination that Liberty Mutual's coverage is primary to the

coverage afforded PCT by Travelers and National Union.

## ARGUMENT

### Point 1

## TRAVELERS AND NATIONAL UNION ARE THE REAL PARTIES IN INTEREST AND NECESSARY AND INDISPENSIBLE PARTIES TO THIS ACTION

Fed. R. Civ. P. 17(a) provides as follows:

**(a) Real Party in Interest.**

**(1)** *Designation in General.* An action must be prosecuted
in the name of the real party in interest.  The following may
sue in their own names without joining the person for whose
benefit the action is brought:

**(A)** an executor;
**(B)** an administrator;
**(C)** a guardian;
**(D)** a bailee;
**(E)** a trustee of an express trust;
**(F)** a party with whom or in whose name a contract has been
made for another's benefit; and
**(G)** a party authorized by statute.

4

**(2) *Action in the Name of the United States for Another's Use or Benefit.*** When a federal statute so provides, an action for another's use or benefit must be brought in the name of the United States.

**(3) *Joinder of the Real Party in Interest.*** The court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after an objection, a reasonable time has been allowed for the real party in interest to ratify, join, or be substituted into the action. After ratification, joinder, or substitution, the action proceeds as if it had been originally commenced by the real party in interest.

Fed. R. Civ. P. 19(a) provides, in pertinent part, as follows:

**(a) Persons Required to Be Joined if Feasible.**

**(1) *Required Party.*** A person who is subject to service of process and whose joinder will not deprive the court of subject-matter jurisdiction must be joined as a party if:

**(A)** in that person's absence, the court cannot accord complete relief among existing parties; or

**(B)** that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may:

> **(i)** as a practical matter impair or impede the person's ability to protect the interest; or

> **(ii)** leave an existing party subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest.

"The essential purposes of Rule 17 and of Rule 19 (relating to joinder of parties) are to ensure that a judgment will have a res judicata effect." Patterson Enterprises, Inc. v. Bridgestone/Firestone, Inc., 812 F. Supp. 1152, 1155 (D. Kan. 1993). To that end, Rule 17 requires that every action "must be prosecuted in the name

5

of the real party in interest." Fed. R. Civ. P. 17(a). "Status as a real party in interest is a procedural matter." Ocean Ships, Inc. v. Stiles, 315 F.3d 111, 116 (2d Cir. 2002). Federal law governs. Id.

Where an insurer has paid an entire loss suffered by its insured, the insurer is the only real party in pursuing recovery of the monies and "must sue in its own name." U.S. v. Aetna Cas. & Sur. Co., 338 U.S. 366, 380-81, 70 S. Ct. 207, 215 (1949); Ocean Ships, Inc., 315 F.3d at 116. The District Court of the Northern District of New York, in discussing a situation similar to the case at bar, has described the relevant law as follows:

> Under federal law, once an insurer has compensated its insured for an entire loss, then absent a ratification statement the insurer becomes the only real party in interest in the litigation. If the insured only has been partially compensated for the loss, then the insurer and the insured are both real parties in interest. In any event, an insurer is required to be joined as a real party in interest, pursuant to Rule 17(a), if it has paid an insured pursuant to an insurance contract because it then has a stake in the litigation. By requiring joinder of an insurer as a real party in interest, the court ensures that any judgment will protect the defendant against a subsequent action brought by the insurer, and effectuate res judicata against the insurer. (Citations omitted.)

Reliant Airlines, Inc. v. County of Broome, No. 90-CV-537, 1993 WL 276747, *2 (July 19, 1993).[2]

In applying the Federal Rules and decisional law to the case at bar, it is clear that Travelers and National Union are the real parties in interest, and that this Court

---

[2] A copy of the Reliant Airlines, Inc. decision is annexed hereto as Exhibit "A" for the Court's convenience.

should dismiss this action unless they are substituted in the place of Permasteelisa. As alleged in the Complaint, Travelers is providing a defense for PCT in the Underlying Action and has paid all of the defense costs. The sole monetary relief sought is on behalf of Travelers. Permasteelisa thus seeks an Order directing Liberty Mutual to "reimburse Travelers, for sums expended in defending PCT" in the Underlying Action. (Complaint ¶ 20.) The remaining relief sought by Permasteelisa is a declaration of the order of coverage among Travelers, National Union, and Liberty Mutual. Thus, it specifically seeks an Order that Liberty Mutual owes a duty to defend "on a primary non-concurrent basis" (Complaint ¶ 20); and it seeks an Order that Liberty Mutual owes a duty to indemnify "on a primary non-concurrent basis." (Complaint ¶ 24.)

The relief sought runs to the benefit of Travelers and National Union, and not Permasteelisa. Permasteelisa does not allege that Travelers and National Union provide insufficient coverage for the Underlying Action. As such, pursuant to U.S. v. Aetna Cas. & Sur. Co., Ocean Ships, Inc., and Reliant Airlines, Inc., Permasteelisa is not the real party in interest.

Travelers and National Union are necessary and indispensible parties to this action. They clearly have an interest in obtaining coverage from Liberty Mutual for the Underlying Action and an interest in litigating the order of coverage among the three insurers. If Travelers and National Union are not joined to this action, Liberty Mutual would be subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations. If Liberty Mutual prevails herein, Travelers and National Union

7

would not be barred by res judicata or collateral estoppel.  They could attempt to re-litigate Liberty Mutual's coverage obligations and/or the priority of coverage.  Liberty Mutual would be subject to multiple litigations, and perhaps inconsistent rulings, on whether it owes coverage and the order of coverage for the Underlying Action.  If Permasteelisa prevails and recovers defense costs, Travelers may be able to pursue recovery of the same defense costs – threatening Liberty Mutual with incurring double obligations for the same costs.

Accordingly, this Court should dismiss the instant action unless Travelers and National Union are substituted in the place and instead of Permasteelisa as the real parties in interest and as necessary and indispensible parties to this action.

### Point II

### PERMASTEELISA IS NOT ENTITLED TO RECOVERY OF ITS ATTORNEYS' FEES IN PROSECUTING THIS ACTION

An insured "may not recover the expenses incurred in bringing an affirmative action against an insurer to settle her rights under the policy."  Kantrowitz v. Allstate Indem. Co., 48 A.D.3d 753, 853 N.Y.S.2d 151, 152 (2d Dep't 2008)(dismissed claim for attorneys' fees, costs, and disbursements in the ad damnum clause).  Accordingly, Permasteelisa's pray for recovery of "reasonable attorney's fees" in paragraph (d) of its ad damnum should be dismissed.

### CONCLUSION

For the foregoing reasons, it is respectfully requested that this Court grant Liberty Mutual's motion and dismiss the Complaint unless Travelers and National Union

are substituted in the place and instead of Permasteelisa as the real parties in interest and as

necessary and indispensible parties in the fair and just adjudication of the issues herein,

dismiss Permasteelisa's pray for recovery of the attorneys' fees in prosecuting this action,

and grant Liberty Mutual the costs and disbursements of this action, together with such

other and further relief as this Court deems just and proper.

Dated:    New York, New York
          June 5, 2008

                                        Respectfully submitted,

                                        JAFFE & ASHER LLP


                                        By: _____
                                            Marshall T. Potashner (MTP-3552)
                                        Attorneys for Defendant
                                        LIBERTY MUTUAL FIRE
                                        INSURANCE COMPANY
                                        600 Third Avenue, 9th Floor
                                        New York, New York  10016
                                        (212) 687-3000

9

# EXHIBIT A

Westlaw.

Not Reported in F.Supp.                                                                                    Page 1
Not Reported in F.Supp., 1993 WL 276747 (N.D.N.Y.)
(Cite as: Not Reported in F.Supp., 1993 WL 276747 (N.D.N.Y.))

**H**Reliant**Airlines**, Inc. v. County of **Broome**
N.D.N.Y.,1993.
Only the Westlaw citation is currently available.
United States District Court, N.D. New York.
RELIANT AIRLINES, INC. and Linda E. Hendricks,
Plaintiffs,
v.
COUNTY OF BROOME, Defendant.
**No. 90-CV-537.**

July 19, 1993.

Parker Coulter Daley & White (Kevin C. Cain, of counsel), Boston, MA, Thuillez Ford Gold & White (Dale M. Thuillez, of counsel), Albany, NY, for plaintiffs.
Saperston & Day (Patricia Gillen, of counsel), Buffalo, NY, for defendant.

MEMORANDUM-DECISION AND ORDER

McCURN, Senior Judge.
*1 Plaintiffs **ReliantAirlines**, Inc. and Linda Hendricks commenced this negligence action on May 11, 1990, seeking recovery for damages they allegedly sustained as a result of an aircraft accident at defendant **Broome** County's airport, Edwin A. Link Field. This court has jurisdiction over the plaintiffs' claims pursuant to 28 U.S.C. § 1332 (1988) (diversity of citizenship). Presently before the court is defendant's motion to dismiss or in the alternative to have Reliant's insurer, U.S. Fire Insurance Company, named as a real party in interest pursuant to Fed.R.Civ.P. 17(a).

I. BACKGROUND

On February 15, 1989, an airplane owned by plaintiff Reliant Airlines, Inc. ("Reliant") and flown by plaintiff Linda Hendricks crashed while landing at Edwin A. Link Field ("Link Field"). Complaint ¶¶ 11-13. Defendant Broome County allegedly owned, controlled, and maintained Link Field on the date of the accident. *Id.* at ¶ 11.[FN1] Plaintiffs allege that the accident was due to Broome County's negligence in ownership, control, and maintenance of the field. *Id.* at ¶ 20.

As a result of the accident, Reliant alleges it sustained significant damage to its airplane and cargo, and that it lost profits due to the removal from service of the damaged aircraft.[FN2] *Id.* Reliant subsequently filed a "proof of loss" claim with its insurance company, U.S. Fire Insurance Company ("U.S. Fire"), documenting the extent of its aircraft property damage. *See* Gillen Aff. (5/28/93) exh. "E". U.S. Fire concluded that the financial resources necessary to repair the airplane exceeded the face value of the insurance policy so it paid Reliant the policy maximum, $650,000. *Id.* On May 11, 1990, Reliant, together with plaintiff Hendricks, filed this lawsuit against defendant Broome County, collectively seeking damages of $1.2 million.

On May 28, 1993, Broome County filed this motion, pursuant to Fed.R.Civ.P. 12(b) and 17(a), to dismiss Reliant's complaint or in the alternative to have U.S. Fire joined as a co-plaintiff. Broome County asserts that because U.S. Fire has paid Reliant the face value of the insurance policy, $650,000, U.S. Fire is the real party in interest and, as such, is required by Rule 17(a) to represent its own interests in the lawsuit. In response to Broome County's motion, Reliant submitted to the court a ratification of the action by U.S. Fire stating that U.S. Fire has agreed to be bound by the decision of this court. *See* Walton Aff. ¶ 4 (6/21/93).[FN3]

II. DISCUSSION

The defendant moves to dismiss the suit or, in the alternative, to have U.S. Fire joined in the suit as a real party in interest. The rule under which Broome County moves, Fed.R.Civ.P. 17(a), mandates that "[e]very action shall be prosecuted in the name of the real party in interest." Broome County argues that because U.S. Fire has paid the full face value of Reliant's insurance policy, U.S. Fire is the real party in interest in this lawsuit. Since U.S. Fire is the real party in interest, argues Broome County, Rule 17(a) dictates that this action must be prosecuted by U.S. Fire.

*2 In pressing this argument, however, Broome County seemingly overlooks an exception to the "real

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                                      Page 2
Not Reported in F.Supp., 1993 WL 276747 (N.D.N.Y.)
**(Cite as: Not Reported in F.Supp., 1993 WL 276747 (N.D.N.Y.))**

party in interest" rule. This exception, which appears in the final sentence of Rule 17(a), states:

[n]o action shall be dismissed on the ground that it is not prosecuted in the name of the real party in interest until a reasonable time has been allowed after objection for ratification of commencement of the action by, or joinder or substitution of, the real party in interest; *and such ratification, joinder, or substitution shall have the same effect as if the action had been commenced in the name of the real party in interest.*

Fed.R.Civ.P. 17(a) (emphasis added). The effect of this exception is that when a real party in interest submits a ratification of another party's action, the real party in interest may be excused from participation in the lawsuit. *James v. Nashville Bridge Co.,* 74 F.R.D. 595, 597 (N.D.Miss.1977) ("[w]here ratification, in lieu of joinder or substitution, is properly filed, the ratifying party is, of course, relieved of any obligation to enter a formal appearance in the action"); *see Prosperity Realty v. Haco-Canon,* 724 F.Supp. 254, 258 (S.D.N.Y.1989); *Hancotte v. Sears, Roebuck & Co.,* 93 F.R.D. 845, 846 (E.D.Penn.1982).

As the parties are aware, this dispute is governed by the Federal Rules of Civil Procedure. The Federal Rules apply because determination of whether a given party is a "real party in interest" is a procedural, not a substantive, matter. *See Brocklesby Transport v. Eastern States Escort,* 904 F.2d 131, 133 (2d Cir.1990); *Travelers Ins. Co. v. Riggs,* 671 F.2d 810, 813-814 (4th Cir.1982). In a diversity case, such as the present, federal law dictates the procedures to be followed, including which parties that must bring the lawsuit, whereas state law governs the substantive rights of those parties once the suit is underway. *Erie Railroad Co. v. Tompkins,* 304 U.S. 64 (1938); *Brocklesby,* 904 F.2d at 133.

Under federal law, once an insurer has compensated its insured for an entire loss, then absent a ratification statement the insurer becomes the only real party in interest in the litigation. *See Brocklesby,* 904 F.2d at 133;*see also United States v. Aetna Cas. & Sur. Co.,* 338 U.S. 366, 380-82 (1949). If the insured only has been partially compensated for the loss, then the insurer and the insured are both real parties in interest. *Brocklesby,* 904 F.2d at 133. In any event, an insurer is required to be joined as a real party in interest, pursuant to Rule 17(a), if it has paid an insured

pursuant to an insurance contract because it then has a stake in the litigation. *Aetna Cas. & Sur. Co.,* 338 U.S. at 380-82. By requiring joinder of an insurer as a real party in interest, the court ensures that any judgment will protect the defendant against a subsequent action brought by the insurer, and effectuate res judicata against the insurer. *James,* 74 F.R.D. at 597.

*3 When an insurer, as a partial subrogee, has ratified an action by the insured, however, then the courts have not compelled joinder when sought by the defendant. *See Motta v. Resource Shipping & Enterprises Co.,* 499 F.Supp. 1365, 1371 (S.D.N.Y.1980); *Prosperity Realty,* 724 F.Supp. at 258;*Hancotte,* 93 F.R.D. at 846. Consistent with the ratification provision of Rule 17(a), several courts have uniformly held that when a partial subrogee has ratified an action by its insured, the subrogee no longer is a participant in the litigation, thus leaving the insured as the litigating party in interest. *See, e.g., Prosperity Realty,* 724 F.Supp. at 258;*Hancotte,* 93 F.R.D. at 847;*Motta,* 499 F.Supp. at 1372. Ultimately, the court has discretion to determine whether ratification, joinder, or substitution is appropriate in any particular case. *Motta,* 499 F.Supp. at 1371;*James,* 74 F.R.D. at 597.

In light of Rule 17(a) and the cases applying it in insurer/insured contexts, *see supra,* this court finds that Reliant's submission of U.S. Fire's ratification to this court excuses U.S. Fire from participation in this lawsuit. U.S. Fire's ratification states that U.S. Fire agrees to be bound by this court's decision. By accepting U.S. Fire's ratification and releasing U.S. Fire from participation in this lawsuit, this court is in accord with Rule 17(a), which states in part, "such a ratification ... shall have the same effect as if the action had been commenced in the name of the real party in interest." Fed.R.Civ.P. 17(a). Therefore, U.S. Fire shall not be obligated to participate in this lawsuit.

Broome County presents four arguments for joinder of U.S. Fire as a real party in interest in this lawsuit. Broome County first argues that under New York law, U.S. Fire should be joined as a party in interest because it paid the full amount of Reliant's proof of loss and, therefore, U.S. Fire is subrogated to Reliant's claim. As subrogee, argues Broome County, U.S. Fire, not Reliant, is the party with the enforceable right. In so arguing, Broome County correctly points out that New York substantive law recognizes an insurer as a

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                                                Page 3
Not Reported in F.Supp., 1993 WL 276747 (N.D.N.Y.)
**(Cite as: Not Reported in F.Supp., 1993 WL 276747 (N.D.N.Y.))**

real party in interest. *Larchmont Fed. Sav. & Loan Ass'n. v. Ebner,* 89 A.D.2d 1009, 454 N.Y.S.2d 450 (2d Dept.1982); *Henderson v. Aetna Cas. & Sur. Co.,* 81 A.D.2d 702 (3d Dept.1981)*aff'd.,*55 N.Y.2d 947 (1982). Although U.S. Fire may be a party in interest under New York law, in this diversity case *federal* procedural law governs the issue of in whose name the lawsuit must be brought. *Brocklesby,* 904 F.2d at 133. Because U.S. Fire has ratified Reliant's action, pursuant to Rule 17(a) U.S. Fire's participation in this litigation as a named real party in interest is unnecessary. *James, 74 F.R.D. at 597.*

In *Prosperity Realty, supra,* the defendant moved to substitute as a real party in interest the Fireman's Fund Insurance Company ("Fireman's Fund") for Prosperity because Fireman's Fund paid its insured, Prosperity, all but one thousand dollars of Prosperity's damages. 724 F.Supp. at 258. The defendant argued that Prosperity's one thousand dollar stake in the litigation was insufficient to permit it to be the real party in interest. *Id.* Similarly, Broome County argues here that because U.S. Fire paid Reliant's proof of loss, U.S. Fire, not Reliant, is the real party in interest, even though Reliant seeks greater damages then that paid to it by U.S. Fire. The court in *Prosperity Realty* held, however, that because Fireman's Fund ratified Prosperity's suit, pursuant to Rule 17(a) the court did not have to reach the issue of sufficient interest on Prosperity's part. *Id.* Rather, the court held that the ratification served to protect the defendant from subsequent actions by the Fireman's Fund, the real party in interest. *Id.* Similarly, this court need not address the amount in controversy nor even whether U.S. Fire is a real party in interest, since U.S. Fire's ratification assures Broome County that it will not be subjected to future litigation by U.S. Fire. Therefore, Broome County's argument on this first ground is without merit.

**\*4** Second, Broome County argues that by permitting Reliant to sue for an amount in excess of the claim in the proof of loss, the court is allowing Reliant to use a convenient "procedural twist" to avoid naming U.S. Fire as a co-plaintiff. Even if Broome County is correct in its insinuation, such a "procedural twist" is neither new nor improper. Ratification is an accepted practice when an insurance company is a real party in interest. *Prosperity Realty,* 724 F.Supp. at 258;*Motta,* 499 F.Supp. at 1372;*James, 74 F.R.D. at 597.* Broome County further maintains that justice and equity

dictate that when an insurer and its insured are both real parties in interest, joinder of the insurer is proper when the defendant demands it.[FN4] This argument has been completely foreclosed by the text of Rule 17(a), which provides that joinder is not necessary in cases such as the present, in which an insurer has ratified an action by its insured. *Prosperity Realty,* 724 F.Supp. at 258;*James, 74 F.R.D. at 597.* Thus, contrary to Broome County's position, the joinder of U.S. Fire after it executed a ratification pursuant to Rule 17(a) actually would be unfair and inequitable and would only serve to prejudice the jury against plaintiffs' lawsuit.

Third, Broome County attempts to distinguish the overwhelming case precedent denying a defendant's motion to substitute an insurer which had ratified an action by the insured on the grounds that Broome County is only attempting to join, not substitute, U.S. Fire as a co-plaintiff. *See Prosperity Realty,* 724 F.Supp. at 258. This joinder/substitution distinction is without merit. Rule 17(a) allows ratification to foreclose joinder *or* substitution, and makes no distinction between joinder or substitution of the real party in interest. *See*Fed.R.Civ.P. 17(a). Thus, if the court determines the partial subrogee has ratified the action of the insured, substitution or joinder is unnecessary. *See id.* In the present case, since U.S. Fire has ratified Reliant's action, there is no need or authority to either substitute or join U.S. Fire as a party.

Broome County's final argument for joinder of U.S. Fire is that ratification only becomes an issue when the statute of limitations has not expired on the unnamed real party in interest. Presumably, Broome County's argument is that because the statute of limitations may have expired on U.S. Fire's ability to bring this lawsuit, its ratification is meaningless. Broome County provides no case authority to support this proposition nor is this position supported by the language of Rule 17(a). The rule provides for an exception to the real party in interest rule when a party in interest ratifies its insured's suit; Rule 17(a) does not have a provision that excepts ratification due to expiration of a statute of limitations. Therefore, this court will not read a statute of limitations to apply to the clear language of Rule 17(a).

III. CONCLUSION

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.                                                                         Page 4
Not Reported in F.Supp., 1993 WL 276747 (N.D.N.Y.)
**(Cite as: Not Reported in F.Supp., 1993 WL 276747 (N.D.N.Y.))**

**\*5** Since U.S. Fire has ratified plaintiff Reliant's action and agrees to be bound by the final decision of this court, Broome County's motion pursuant to Fed.R.Civ.P. 17(a) to dismiss this case or, in the alternative, for an order naming U.S. Fire as a real party in interest is denied.

IT IS SO ORDERED.

> FN1. Broome County neither admits nor denies it maintained and controlled Link Field. Answer ¶ 7. Resolution of whether Broome County "controlled and maintained" the field is inapposite to this motion.

> FN2. Plaintiff Hendricks allegedly sustained personal injuries as a result of the accident. Her claim, however, is not an issue in this motion. Indeed, she has not submitted opposition to defendant's motion but acknowledges Reliant's opposition.

> FN3. Walton's signed affidavit in support of ratification reads: "[a]s the vice president of the general agent who underwrote the policy issued by United States Fire Insurance Company, as well as the vice president of the corporation adjusting this claim, I hereby ratify the action brought by Reliant Airlines, Inc. and agree to be bound by the action."

> FN4. Broome County curiously relies upon *Brown v. Fisher Skylights, Inc.*, 31 F.R.D. 532 (E.D.N.Y.1962), to support its position. *Brown* was decided prior to the 1966 Amendments to Rule 17(a), one of which added the text pertaining to ratification. Since the 1966 Amendments, courts have upheld ratification agreements and have not required joinder under Rule 19(a) when a subrogee has paid less than the amount in controversy. Hence, reliance upon *Brown* is suspect.

N.D.N.Y.,1993.
Reliant Airlines, Inc. v. County of Broome
Not Reported in F.Supp., 1993 WL 276747 (N.D.N.Y.)

END OF DOCUMENT

© 2008 Thomson/West. No Claim to Orig. U.S. Govt. Works.