UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
PERMASTEELISA NORTH AMERICA
CORP.,

    Civil Action No.
    08 Civ. 4663 (LAK)(AJP)

   Plaintiff,

 -against-

LIBERTY MUTUAL FIRE INSURANCE
COMPANY,

    **AFFIDAVIT IN SUPPORT**
    **OF MOTION TO**
    **DISMISS THE COMPLAINT**

   Defendant.
-----------------------------------------------------------x
STATE OF NEW YORK )
      ) ss.:
COUNTY OF NEW YORK )

  **MARSHALL T. POTASHNER**, being duly sworn, deposes and says:

  1. I am a member of the law firm of JAFFE & ASHER LLP, attorneys for defendant LIBERTY MUTUAL FIRE INSURANCE COMPANY ("Liberty Mutual"); as such, I am fully familiar with the facts and circumstances set forth herein.

  2. I submit this affidavit in support of Liberty Mutual's motion for an Order, pursuant to Fed. R. Civ. P. 12(b)(6) & (7), Fed. R. Civ. P. 17(a), and Fed. R. Civ. P. 19(a), dismissing the Complaint of plaintiff PERMASTEELISA NORTH AMERICA CORP. ("Permasteelisa") unless Travelers Indemnity Company and National Union Fire Insurance Company of Pittsburgh, PA are substituted in the place and instead of Permasteelisa as the real parties in interest and as necessary and indispensible parties in the fair and just adjudication of the issues herein, dismissing Permasteelisa's pray for recovery of the attorneys' fees incurred in prosecuting this action, and granting Liberty Mutual the

costs and disbursements of this action, together with such other and further relief as this Court deems just and proper.

3. On or about May 13, 2008, Permasteelisa commenced the above-captioned action by the filing of a Summons and Complaint in the Supreme Court of the State of New York, County of New York. Liberty Mutual subsequently removed this action to this court. A copy of the Complaint is annexed hereto as Exhibit "1".

4. Liberty Mutual has not yet answered the Complaint. Its response to the Complaint is not due until June 12, 2008.

**WHEREFORE**, this Court should grant defendant's motion to dismiss in all respects.

                                                                                          _____
                                                                                          MARSHALL T. POTASHNER

Sworn to before me this
5TH day of June, 2008

_____
Notary Public

```
        DAVID R. SHYER
Notary Public - State of New York
       No. 02SH6136651
   Qualified in New York County
  My Comm. Expires Nov. 14, 2009
```

**EXHIBIT 1**

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK

------------------------------------------------------------x

| | |
|---|---|
| PERMASTEELISA NORTH AMERICA CORP., <br><br> Plaintiff, <br><br> v. <br><br> LIBERTY MUTUAL FIRE INSURANCE COMPANY, <br><br> Defendant. | **COMPLAINT** <br><br> Index No. 100641/08 |

------------------------------------------------------------x

Plaintiff, Permasteelisa North America Corp. ("Plaintiff"), by and through its attorneys, Clifton Budd & DeMaria, LLP, as and for its Complaint against Defendant, Liberty Mutual Fire Insurance Company ("Liberty"), alleges as follows:

### THE PARTIES

1. Plaintiff is a foreign corporation incorporated within the State of Delaware that, among other things, installs exterior facades on construction projects in New York and elsewhere. It maintains a business office located at 123 Day Hill Road, Windsor, Connecticut and does business in the State and County of New York.

2. Upon information and belief, Defendant Liberty is a foreign corporation with an office located at 175 Berkeley Street, Boston, MA 02116. Defendant Liberty is a company principally engaged in providing commercial, property and liability insurance products and

services, including liability insurance coverage and is authorized to do business and does do business within the State and County of New York.

3. In or about December 2005, Permasteelisa Cladding Technologies, Ltd. ("PCT") became Permasteelisa Cladding Technologies, L.P. ("PCT II"); and in or about February 2008, PCT II merged into Plaintiff such that plaintiff is the successor in interest of PCT.

## THE UNDERLYING ACTION

4. By Summons and Complaint dated February 9, 2004, Patrick O'Keefe ("O'Keefe") and Margaret O'Keefe commenced an action against Plaintiffs Tishman West Side Construction of New York, Tishman Realty & Construction Co., Inc., Tishman Realty Corp. (collectively "Tishman"), and Starwood Hotels & Resorts Worldwide, Inc. ("Starwood"), in Supreme Court of the State New York, County of New York entitled, *Patrick O'Keefe and Margaret O'Keefe v. Tishman West Side Construction of New York, Tishman Realty & Construction Co., Inc., Tishman Realty Corp., and Starwood Hotels & Resorts Worldwide, Inc.* Index No. 102449/04 (the "*O'Keefe* Action").

5. In *O'Keefe* action, Plaintiff O'Keefe alleges that he was injured and suffered bodily injuries when he was struck in the head by a piece of window trim on August 26, 2003, in the course of his employment for Tower Installation, ("Tower"), a subcontractor of PCT, while working on a project constructing the Westin Hotel located at 270 West 43rd Street in New York, New York.

6. In the connection with the *O'Keefe* action, Tishman commenced a third-party action for contribution and indemnification against PCT.

2

## THE INSURANCE POLICY AND LIBERTY LIABILITY

7. Liberty issued a general liability policy which included a Contractor Controlled Insurance Program ("CCIP"), to Tishman, bearing policy number RG2-621-004503-020, with policy period from June 1, 2000 to March 1, 2003, with such insurance extending coverage to Tishman's contractors and subcontractors working at the 270 West 43rd Street location, including but not limited to PCT and its subcontractors.

8. The CCIP contains a provision which extends the policy period for completed operations coverage through and including March 1, 2008 with respect to *inter alia* "bodily injury" that occurs after the acceptance of the project by the owner.

9. In the *O'Keefe* Action, it is alleged that O'Keefe's accident occurred on August 26, 2003, after the project was substantially completed, after a certificate of occupancy was issued, and after the building was put to its intended use by its owner.

10. Liberty has wrongfully refused and otherwise failed to defend and indemnify PCT in the third-party action under the CCIP issued to Tishman, despite due demand therefor.

11. PCT was unaware of the existence of the five year extension of the policy period in the CCIP in or about May 2005 when the Tishman third-party action was filed.

12. Promptly after PCT discovered the existence of the five year extension provision in the CCIP, PCT, through its excess insurer AIG wrote to Liberty on June 25, 2007 demanding defense and indemnity for PCT with respect to the *O'Keefe* action. Liberty formally denied coverage to PCT by letter on July 9, 2007.

13. On or about July 16, 2007, PCT's primary insurer Travelers Indemnity Company ("Travelers") also wrote to Liberty on PCT's behalf, demanding that Liberty defend and

3

indemnify PCT under the CCIP. Liberty again denied coverage to PCT by letter dated July 16, 2007 and has taken no action with respect to its defense and indemnity obligations owed to PCT.

### AS AND FOR A FIRST CAUSE OF ACTION

14. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "13" as if set forth at length herein.

15. Upon information and belief, the Liberty policy was in full force and effect on August 26, 2003.

16. PCT and its subcontractors are enrolled and covered entities under the CCIP with respect to the *O'Keefe* Action.

17. Demand has been made upon Liberty to undertake the defense of PCT in the *O'Keefe* action, but such has not been undertaken.

18. By failing to undertake the defense of PCT in the *O'Keefe* Action, Liberty has failed to fulfill its obligations under the CCIP in the Liberty policy.

19. As a result of Liberty's failure to defend PCT, PCT's primary insurer Travelers is defending PCT in the *O'Keefe* Action.

20. Plaintiff is entitled to a judicial declaration that Liberty is obliged to: (1) defend PCT in the *O'Keefe* Action on a primary non-concurrent basis; and (2) reimburse Travelers, for sums expended in defending PCT in the *O'Keefe* Action.

### AS AND FOR A SECOND CAUSE OF ACTION

21. Plaintiff repeats and realleges each and every allegation set forth in paragraphs "1" through "13" and "15" through "20" as if set forth at length herein.

4

22.     Demand has been made upon Liberty to indemnify PCT with respect to the *O'Keefe* action.

23.     Liberty has wrongfully refused and otherwise failed to indemnify PCT in the *O'Keefe* action.

24.     Plaintiff is entitled to a judicial declaration that Liberty is obliged to indemnify PCT for any verdict, judgment, or settlement in the *O'Keefe* Action on a primary non-concurrent basis.

**WHEREFORE,** Plaintiff requests a judgment:

(a)     declaring that Liberty is obliged to defend PCT in the *O'Keefe* Action on a primary non-concurrent basis;

(b)     declaring that Liberty is obliged to reimburse Travelers for all sums expended in defending PCT in the *O'Keefe* Action;

(c)     declaring that Liberty is obliged to indemnify PCT on a primary non-concurrent basis for any verdict, judgment, or settlement in the *O'Keefe* Action up to the limits in the CCIP;

(d)     awarding Plaintiff the costs and disbursements of this action, including but not limited to, reasonable attorney's fees; and,

(e)     awarding Plaintiff such other and further relief as this Court deems just and proper.

Dated: May 12, 2008
      New York, New York

                                   Respectfully submitted,

                                   CLIFTON BUDD & DeMARIA, LLP
                                   Attorneys for Permasteelisa North America Corp.

                                   By: _____
                                        Robert J. Tracy
                                        Sheryl Ewart Sorensen
                                        420 Lexington Avenue, Suite 420
                                        New York, New York 10170-0089
                                        (212) 687-7410