UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
                                  :

PERMASTEELISA NORTH AMERICA CORP.,    :

                           :
          Plaintiff,           :
                           :  Civil Action No. 08 Civ. 4663
         v.               :  (LAK)(AJP)
                           :

LIBERTY MUTUAL FIRE INSURANCE    :
COMPANY,                        :
         Defendant.       :
                           :
----------------------------------------------------------------x

## MEMORANDUM OF LAW IN OPPOSITION
## <u>TO DEFENDANT'S MOTION TO DISMISS</u>

CLIFTON BUDD & DEMARIA, LLP
420 Lexington Avenue
New York, NY 10170-0089

Of Counsel:
Robert J. Tracy (RT-5260)

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................................................ ii

PRELIMINARY STATEMENT ......................................................................................... 1

FACTUAL BACKGROUND .............................................................................................. 2

ARGUMENT ........................................................................................................................ 4

POINT I ................................................................................................................................. 4

    PERMASTEELISA IS THE REAL PARTY IN INTEREST ........................................ 4

POINT II ............................................................................................................................... 6

    THE JOINDER OF TRAVELERS AND NATIONAL UNION IS UNNECESSARY TO
    RESOLUTION OF THE EXISTING DISPUTE BETWEEN PERMASTEELISA AND
    LIBERTY ......................................................................................................................... 6

POINT III .............................................................................................................................. 7

    IF THIS COURT SOMEHOW FINDS THAT TRAVELERS IS A REAL PARTY IN
    INTEREST, TRAVELERS MUST BE AFFORDED A REASONABLE PERIOD OF
    TIME TO RATIFY THE ACTION. .............................................................................. 7

CONCLUSION .................................................................................................................... 8

# TABLE OF AUTHORITIES

**Page**

## CASES

*Arkright-Boston Mfrs. Mut. Ins. Co. v. City of New York,*
    762 F.2d 205 (2d Cir. 1985)..................................................................... 6

*Armour Pharmaceutical Co. v. Home Ins. Co.,*
    69 F.R.D. 592 (D. Ill. 1973)..................................................................... 5

*B.R.I. Coverage Corp. v. Air Canada,*
    725 F. Supp. 133 (E.D.N.Y 1989) ............................................................ 7

*Braniff Airways, Inc. v. Falkingham*
    20 F.R.D. 141 (D. Minn 1957)................................................................. 4

*Maimomedes Med. Center v. Victory Mem. Hosp.,*
    282 A.D.2d 578, 722 N.Y.S.2d 908 (2d Dep't 2001) ......................... 5

*Ocean Ships, Inc. v. Stiles,*
    315 F.3d 111 (2d Cir. 2002).................................................................. 4, 5

*Prudential Lines, Inc. v. General Tire Int'l Co.,*
    74 F.R.D. 474 (S.D.N.Y. 1977) ............................................................... 6

*Reliant Airlines, Inc. v. County of Broome,*
    No. 90-CV-537, 1993 WL 276747 (N.D.N.Y July 19, 1993) ................. 4

*Turner Constr. Co. v. Kemper Ins. Co.,*
    01 Civ. 2899 2008 U.S. Dist. Lexis 7896 (S.D.N.Y. 2008)................. 6, 7

*United States v. Aetna Casualty & Surety Co.,*
    338 U.S. 366 (1949)................................................................................ 4

## STATUTES, RULES AND OTHER AUTHORITIES

*6A Wright Miller Kane, Federal Practice & Procedure 2nd* §1546 pp. 355-56 ............ 5

Fed. R. Civ. P. 17(a)............................................................................... 4, 5

Fed. R. Civ. P. 17(a)(3)............................................................................ 7

Fed. R. Civ. P. 19(a) ................................................................................ 6

## **PRELIMINARY STATEMENT**

Plaintiff Permasteelisa North America Corp. ("Plaintiff") submits this memorandum in opposition to defendant Liberty Mutual Fire Insurance Company's ("Liberty") motion to dismiss the complaint pursuant to Fed R. Civ. P. 12(b)(6) and (7), Fed R. Civ. P. 17(a) and Fed R. Civ. P. 19(a) unless both Travelers Indemnity Company ("Travelers") and National Union Fire Insurance Company of Pittsburgh, PA ("National Union"), the primary and excess liability insurers of Permasteelisa, are substituted in place of Permasteelisa as plaintiffs. As set forth more fully below, defendant's motion, based entirely on inapplicable case law involving subrogated insurers that had already paid an insured's entire loss, must be denied in all respects.

Here, Permasteelisa seeks a declaration that defendant owes Permasteelisa a defense and indemnity in a pending personal injury action as Permasteelisa is an insured contractor under a Contractor Controlled Insurance Program ("CCIP") issued by defendant covering all contractors enrolled in the CCIP with respect to a particular construction project. The fact that Travelers, Permasteelisa's primary insurer, currently is defending Permasteelisa in an underlying personal injury action because defendant has wrongfully refused to do so, does not make Travelers, much less excess insurer National Union, either a real party in interest or even a necessary party. Permasteelisa, the entity directly to whom defendant Liberty owes a defense and indemnity under the CCIP policy has the right to bring its claim for coverage against Liberty in its own name. Neither Travelers nor National Union are necessary parties to a resolution of the dispute between Permasteelisa and Liberty.

**FACTUAL BACKGROUND**

Permasteelisa commenced the instant action by filing a complaint in the Supreme Court of the State of New York on May 12, 2008.  A copy of the complaint is annexed to the affidavit of Robert J. Tracy submitted in opposition to defendant's motion to dismiss as Exhibit A.  The most relevant allegations from the complaint are as follows:

> 4.    By Summons and Complaint dated February 9, 2004, Patrick O'Keefe ("O'Keefe") and Margaret O'Keefe commenced an action against Tishman West Side Construction of New York, Tishman Realty & Construction Co., Inc., Tishman Realty Corp. (collectively "Tishman"). . . , in Supreme Court of the State New York, County of New York entitled, *Patrick O'Keefe and Margaret O'Keefe v. Tishman West Side Construction of New York, Tishman Realty & Construction Co., Inc., Tishman Realty Corp., and Starwood Hotels & Resorts Worldwide, Inc.* Index No. 102449/04 (the "*O'Keefe* Action").

> 5.    In *O'Keefe* action, Plaintiff O'Keefe alleges that he was injured and suffered bodily injuries . . . on August 26, 2003, in the course of his employment for Tower Installation, ("Tower"), a subcontractor of Permasteelisa Cladding Technologies, Ltd. ("PCT"), while working on a project constructing the Westin Hotel located at 270 West 43rd Street in New York, New York.

> 6.    In the connection with the *O'Keefe* action, Tishman commenced a third-party action for contribution and indemnification against PCT.

> 7.    Liberty issued a general liability policy which included a Contractor Controlled Insurance Program ("CCIP"), to Tishman . . . , with such insurance extending coverage to Tishman's contractors and subcontractors working at the 270 West 43rd Street location, including but not limited to PCT and its subcontractors.

> 8.    The CCIP contains a provision which extends the policy period for completed operations coverage through and including March 1, 2008 with respect to *inter alia* "bodily injury" that occurs after the acceptance of the project by the owner.

> 9.    In the *O'Keefe* Action, it is alleged that O'Keefe's accident occurred on August 26, 2003, after the project was substantially completed, after a certificate of occupancy was issued, and after the building was put to its intended use by its owner.

> 10.   Liberty has wrongfully refused and otherwise failed to defend and indemnify PCT in the third-party action under the CCIP issued to Tishman, despite due demand therefor.

## AS AND FOR A FIRST CAUSE OF ACTION

\*       \*       \*       \*

17.    Demand has been made upon Liberty to undertake the defense of PCT in the *O'Keefe* action, but such has not been undertaken.

18.    By failing to undertake the defense of PCT in the *O'Keefe* Action, Liberty has failed to fulfill its obligations under the CCIP in the Liberty policy.

19.    As a result of Liberty's failure to defend PCT, PCT's primary insurer Travelers is defending PCT in the *O'Keefe* Action.

20.    Plaintiff is entitled to a judicial declaration that Liberty is obliged to: (1) defend PCT in the *O'Keefe* Action on a primary non-concurrent basis; and (2) reimburse Travelers, for sums expended in defending PCT in the *O'Keefe* Action.

## AS AND FOR A SECOND CAUSE OF ACTION

\*       \*       \*       \*

22.    Demand has been made upon Liberty to indemnify PCT with respect to the *O'Keefe* action.

23.    Liberty has wrongfully refused and otherwise failed to indemnify PCT in the *O'Keefe* action.

24.    Plaintiff is entitled to a judicial declaration that Liberty is obliged to indemnify PCT for any verdict, judgment, or settlement in the *O'Keefe* Action on a primary non-concurrent basis.

As can be seen from the above, there are no allegations that any insurer has paid any loss to date or that any liability has yet to be imposed upon Permasteelisa in the *O'Keefe* action for which Permasteelisa seeks defense and indemnification from Liberty under the CCIP. Permasteelisa seeks on its own behalf a declaration that the Liberty policy should provide Permasteelisa with a defense and indemnity in the ongoing *O'Keefe* action on a primary, non-contributing basis. Moreover, since Permasteelisa's insurer Travelers has been defending where defendant should have, Permasteelisa seeks to improve its own insurance experience by having

- 3 -

its insurer Travelers, reimbursed by defendant for the defense costs which would not have been incurred had defendant Liberty honored its obligations to Permasteelisa.

## ARGUMENT

## POINT I

## PERMASTEELISA IS THE REAL PARTY IN INTEREST.

Defendant seeks dismissal of the within action unless Travelers and National Union are substituted in as plaintiffs as the real parties in interest under Fed. R. Civ. P. 17(a). However, the very cases cited by defendant as support for its motion actually dictate that the motion to dismiss be denied in its entirety. Defendant cites *United States v. Aetna Casualty & Surety Co.,* 338 U.S. 366, 380-81 (1949) and *Ocean Ships, Inc. v. Stiles,* 315 F.3d 111 (2d Cir. 2002) for the proposition that "*where the insurer has paid the entire loss suffered by its insured*" the insurer must sue in its own name. [Defendant's memorandum in support of motion to dismiss at p. 6; emphasis added]. Indeed, the only other case cited by defendant, *Reliant Airlines, Inc. v. County of Broome,* No. 90-CV-537, 1993 WL 276747 (N.D.N.Y July 19, 1993) holds that where "an insurer has compensated its insured for an entire loss, . . . the insurer becomes the only real party in interest in the litigation."

Indeed, the *Reliant Airlines* court held that where the insurer has partially compensated the insured for the loss, then both the insurer and insureds may be real parties in interest. *Reliant Airlines* at *2; *see Ocean Ships, Inc. v. Stiles,* 315 F.3d at 117 (where insured not fully compensated for loss due to $5,000 deductible, insured was the real party in interest). Moreover, courts have held that while a partial subrogee is a proper party, it is not a necessary party where the insured is suing to recover on the entire loss. *See Braniff Airways, Inc. v. Falkingham,* 20 F.R.D. 141, 144 (D. Minn 1957).

- 4 -

In each of the three cases cited by defendant, the actions were commenced after an insurer had compensated the nominative plaintiff for the loss at issue. Here the allegations of the complaint are quite clear that no loss whatsoever has yet been incurred by Permasteelisa, much less reimbursed by any insurer. Permasteelisa claims that it is an insured under the Liberty policy and is in need of a declaration that defendant Liberty owes it a defense and indemnity with respect to the *O'Keefe* action.

Defendant makes much of the claim for relief in which Permasteelisa seeks a declaration that Travelers be reimbursed for the defense costs expended to date while defendant refused to do so. While Fed. R. Civ. P. 17(a) determinations are made under Federal procedural law, applicable substantive state law must be reviewed to determine which party is entitled to enforce the right at issue. *Ocean Ships, Inc. v. Stiles*, 315 F.3d at 116, n.4. Under New York law, an insured can sue on behalf of a liability insurer to recover from defendant the amount of money spent by the insurer in defending the insured in the underlying litigation under the theory of equitable subrogation. *Maimomedes Med. Center v. Victory Mem. Hosp.*, 282 A.D.2d 578, 722 N.Y.S.2d 908 (2d Dep't 2001). Thus, it cannot credibly be argued that either Travelers or National Union could be considered the real party in interest where, as here, Permasteelisa is seeking its own rights under defendant's policy and is a proper party to seek reimbursement of defense costs on behalf of its own insurer. *See also 6A Wright Miller Kane, Federal Practice & Procedure 2nd* §1546 pp. 355-56 ("If no money or enforceable promise to pay money has been advanced, then there has not been any subrogation and the insured remains the real party in interest.") *citing Armour Pharmaceutical Co. v. Home Ins. Co.,* 69 F.R.D. 592 (D. Ill. 1973).

**POINT II**

**THE JOINDER OF TRAVELERS AND NATIONAL UNION
IS UNNECESSARY TO RESOLUTION OF THE EXISTING
DISPUTE BETWEEN PERMASTEELISA AND LIBERTY.**

Defendant also seeks dismissal of the complaint pursuant to Fed. R. Civ. P. 19(a)
claiming that the Court somehow cannot adjudicate whether Liberty owes Permasteelisa a duty
to defend and indemnify it in the *O'Keefe* action and that defendant somehow may be subject to
substantial risk of inconsistent obligations. In determining whether a party is necessary under
Fed. R. Civ. P. 19(a) the court must determine whether complete relief may be rendered "among
those already joined," and not as between a party and absent person whose joinder is sought.
*Arkright-Boston Mfrs. Mut. Ins. Co. v. City of New York,* 762 F.2d 205 (2d Cir. 1985). Certainly,
this Court can adjudicate Liberty's obligations to its insured without the joinder of other insurers
of plaintiff. Permasteelisa is alleged to be the insured under the Liberty policy and is the entity
to which Liberty owes a primary duty to defend and indemnify it.

Should Permasteelisa prevail on its claim against Liberty there would be no substantial
risk of an inconsistent result. Similarly, should Liberty prevail, there would be no danger either
since Travelers authorized the institution of the instant action. Tracy Aff. at ¶ 4; *See Prudential
Lines, Inc. v. General Tire Int'l Co.,* 74 F.R.D. 474 (S.D.N.Y. 1977)(absence of partial subrogee
will not expose defendant to substantial risk of double liability where it authorized plaintiff to
prosecute action). Moreover, this court regularly determines insurance coverage disputes
between an insured and its insurers without having before it all potentially responsible insurers,
noting that insurers found liable to their insureds may seek contribution from other insurers in a
later proceeding if necessary. *See e.g., Turner Constr. Co. v. Kemper Ins. Co.,* 01 Civ. 2899
2008 U.S. Dist. Lexis 7896 (S.D.N.Y. 2008)(insurer providing additional insured coverage may

pursue other insurers after payment to insured of amounts owing).  A copy of the decision in *Turner Constr. Co.* is annexed hereto as Appendix A.

## POINT III

### IF THIS COURT SOMEHOW FINDS THAT TRAVELERS IS A REAL PARTY IN INTEREST, TRAVELERS MUST BE AFFORDED A REASONABLE PERIOD OF TIME TO RATIFY THE ACTION.

Defendant, in contravention of the Federal Rules of Civil Procedure, seeks dismissal of the within action unless Travelers and National Union are substituted in the place of Permasteelisa as plaintiffs in the within action.  As noted above, there is no evidence submitted on the motion, or any allegation in the complaint, to suggest that National Union has done anything to become a real party in interest.  While Permasteelisa strongly asserts that it is the real party in interest and that it should not be prevented from suing in its own name simply because Travelers is defending it in the *O'Keefe* action, should the Court somehow determine that Travelers, by virtue of its defense of Permasteelisa, also is a party who must be joined as a real party in interest, "[t]he court may not dismiss an action for failure to prosecute in the name of the real party in interest until, after objection, a reasonable time has been allowed for the real party in interest to ratify . . . the action." Fed. R. Civ. P. 17(a)(3)  Moreover, if the Court further finds that Travelers approval and authorization of the instant action (*see* Tracy Aff. at ¶ 4) to be insufficient to put it in privity with Permasteelisa and bind it to the result, Travelers should be afforded a reasonable time within which it may ratify the action rather than be joined as a party. *See B.R.I. Coverage Corp. v. Air Canada,* 725 F. Supp. 133, 136 (E.D.N.Y 1989).

## CONCLUSION

Since Permasteelisa is the real party in interest and no additional parties are necessary for a complete adjudication between Permasteelisa and defendant, defendant's motion to dismiss must be denied in all respects.

Dated: July 7, 2008
       New York, New York

Respectfully submitted,

CLIFTON BUDD & DeMARIA, LLP
*Attorneys for Permasteelisa North America Corp.*

By: _____
       Robert J. Tracy (RT-5260)
       420 Lexington Avenue, Suite 420
       New York, New York 10170-0089
       (212) 687-7410

- 8 -

FOCUS™ Terms "additional insured" and COURT(new york)      Search Within  Original Results (1 - 216  [ Go → ]

View: Cite | KWIC | **Full** | Custom                    ‹PREV  6 of 216  NEXT›          **FAST Print**  Print | Dow
                                                Save As Alert | Shepardize® | TOA

**(A)** Turner Constr. Co. v. Kemper Ins. Co., 2008 U.S. Dist. LEXIS 7896  (Copy w/ Cite)

↗Select for FOCUS™ or Delivery
☐

*2008 U.S. Dist. LEXIS 7896, **

TURNER CONSTRUCTION CO., et al., Plaintiffs, -against- KEMPER INSURANCE CO., et al.,
Defendants.

01 Civ. 2899

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF **NEW YORK**

2008 U.S. Dist. LEXIS 7896

February 1, 2008, Decided
February 1, 2008, Filed

**PRIOR HISTORY:** Turner Constr. Co. v. Am. Mfrs. Mut. Ins. Co., 2007 U.S. Dist. LEXIS
68271 (S.D.N.Y., Aug. 31, 2007)

**CORE TERMS:** insurer, entry of judgment, reconsideration, award of interest, equitable,
insured, offset, owing

**COUNSEL:** [*1] For Plaintiffs: EDWIN L. DOERNBERGER, ESQ. ↘🖉, Hamden, CT.

For Defendants: Suzanne M. Halbardier, Esq. ▾, BARRY, MCTIERNAN & MOORE, New York,
NY; Michael C. Bruck, Esq. ▾, WILLIAMS MONTGOMERY & JOHN LTD., Chicago, IL.

**JUDGES:** ROBERT W. SWEET ▾, U.S.D.J.

**OPINION BY:** ROBERT W. SWEET ▾

 OPINION

**Sweet** ▾**, D.J.**

Plaintiff Turner Construction Company ("Turner") has moved for entry of judgment against
Defendants American Manufacturing Insurance Company and Lumbermens Mutual Casualty
Company (collectively "Kemper"). For the reasons set forth below, the motion is granted.

*Prior Proceedings*

Summary judgment in favor of Kemper was granted on April 30, 2007. Kemper moved for
reconsideration and reargument on May 16, 2007, submitted a Memorandum of Points and
Authorities dated June 4, 2007, and a Memorandum of Law regarding Turner's claim for

attorney's fees dated June 15, 2007. The motion for reconsideration was denied by this Court's opinion dated August 31, 2007. Kemper submitted a Motion and Memorandum of Points and Authorities regarding entry of judgment dated October 24, 2007, and a response to Turner's submission to the Court regarding entry of judgment dated October 31, 2007. Argument was heard on November 14, 2007, on the motion for entry **[*2]** of judgment.

### Entry of Judgment is Appropriate

Contrary to the claim of Kemper as set forth in Kemper's Supplemental Brief at 2-3, this is not an equitable contribution action among insurers. The pleadings in this action set forth a cause of action brought by Turner against Kemper based upon Turner's status as an **additional insured** under the Kemper policies and Kemper's failure to defend and indemnify Turner in the underlying cases. Turner's claim is specifically for Kemper's "breach of contract." *See* Second Amended. Complaint, filed February 25, 2002 (Docket No. 25), at P34.

In addition, no other insurer is a party to this action, nor has Kemper sought to add any other insurer as a party. The issue regarding contribution among insurers should be reserved to proceedings in which those other insurers are parties. *See, e.g., BP Air Conditioning Corp. v. One Beacon Ins. Group,* 8 N.Y.S.3d 708, 716, 871 N.E.2d 1128, 840 N.Y.S.2d 302 (2007). As Turner has previously stated, Kemper may pursue any other insurers after payment to Turner of amounts due and owing. See Turner's Memorandum and Submission in Response to the Court's Order of August 31, 2007 at 5-6 (citing *Maryland Cas. Co. v. W.R. Grace and Co.,* 218 F.3d 204, 210 (2d Cir. 2000)). **[*3]** In such an action, Kemper can set forth its claims for the appropriate allocation of defense costs, and those insurers against which claims are made can set forth their defenses to such claims. Kemper's allocation claims should not be heard without the presence of the other insurers.

This Court has previously considered the impact of the decision of the Court of Appeals in *Servidone Constr. v. Sec. Ins. Co. of Hartford,* 64 N.Y.2d 419, 477 N.E.2d 441, 488 N.Y.S.2d 139 (1985). By opinion dated August 31, 2007, denying Kemper's Motion for Reconsideration, *Turner Constr. Co. v. Am. Mfrs. Mut. Ins. Co.,* No. 01 Civ. 2899 (RWS), 2007 U.S. Dist. LEXIS 68271, 2007 WL 2710114 (S.D.N.Y. Aug. 31, 2007), the Court specifically addressed *Servidone. See* 2007 U.S. Dist. LEXIS 68271, [WL] at *3. In summary, under the rationale of *Servidone,* "the insured must prove that the claims asserted against it fell within the scope of the insurance coverage." *Morgan Stanley Group Inc. v. New England Ins. Co.,* 36 F. Supp. 2d 605, 608 (S.D.N.Y. 1999). In order for the claims against Turner to fall within the scope of the Kemper policies, the claims against Turner must "arise out of" Trident's work. As the Court recognized, the claims against Turner arise out of Trident's work. *See Turner Constr. Co.,* 2007 U.S. Dist. LEXIS 68271, 2007 WL 2710114, at *5-6. **[*4]** This issue has been fully considered and found against Kemper by this Court.

With respect to Kemper's claim for offsets, *see* Kemper's Supplemental Brief at 7-8, Kemper has failed to plead any claim of an offset. Not only did Kemper fail to make any such allegation in its answer and defenses, but Kemper also failed to raise the claim in its opposition to Turner's motion for summary judgment, in its motion for reconsideration, or in its multiple submissions regarding entry of judgment. *See DelleFave v. Access Temporaries, Inc.,* No. 99 Civ. 6098 (RWS), 2001 WL 286771, at *1 (S.D.N.Y. Mar. 22, 2001) (noting that on a motion for reconsideration, "a party may not advance new facts, issues or arguments not previously presented to the Court" (internal quotation marks and citation omitted)); *see also Bennett v. Watson Wyatt & Co.,* 156 F. Supp. 2d 270, 272 (S.D.N.Y. 2001).

Again, the Court has previously considered and determined that Turner is entitled to interest on the amounts owing. *Turner Constr. Co. v. Am. Mfrs. Mut. Ins. Co.,* 485 F. Supp. 2d 480, 490-91 (S.D.N.Y. 2007). The award of interest in this case is mandated by C.P.L.R. § 5001. As set forth above, this is not an equitable allocation **[*5]** case, and the award of interest is required.

The Turner motion for entry of judgment is granted.

Submit judgment on notice.

It is so ordered.

**New York, N.Y.**

**February 1, 2008**

/s/ Robert W. Sweet

**ROBERT W. SWEET**

**U.S.D.J.**

Ⓐ **Turner Constr. Co. v. Kemper Ins. Co., 2008 U.S. Dist. LEXIS 7896** (Copy w/ Cite)    Pages: 3



About LexisNexis | Terms & Conditions | Contact Us
Copyright © 2008 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.