UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
PERMASTEELISA NORTH AMERICA
CORP.,

        Plaintiff

   -against-

LIBERTY MUTUAL FIRE INSURANCE
COMPANY,

        Defendant
-----------------------------------------------------------x

Civil Action No.
08 Civ.4863 (LAK) (AJP)

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPOR OF LIBERTY MUTUAL'S MOTION TO DISMISS

Jaffe & Asher LLP
600 Third Avenue, 9th Floor
New York, New York 10016
(212) 687-3000

## TABLE OF CONTENTS

**TABLE OF AUTHORITIES**..................................................................................ii

**PRELIMINARY STATEMENT**.............................................................................1

**ARGUMENT:**

       TRAVELERS AND NATIONAL UNION ARE THE REAL PARTIES IN INTEREST AND NECESSARY AND INDISPENSIBLE PARTIES TO THIS ACTION...................................................................................2

**CONCLUSION**....................................................................................................6

## TABLE OF AUTHORITIES

1. **Cases**

Application of Wattanasiri,
982 F. Supp. 955 (S. D. N.Y. 1997)..................................................................................6

BP Air Conditioning Corp. v. One Beacon Ins. Group,
8 N.Y.3d 708, 840 N.Y.S.2d 302 (2007) .....................................................................3,4,6

Carnegie Hall Corp. v. City University of New York,
286 A.D.2d 214, 729 N.Y.S.2d 93 (1st Dep't 2001).............................................. 5

Clarkson Co. Ltd. v. Rockwell Intern. Corp.,
441 F. Supp. 792 (N.D. Cal. 1977)..................................................................................3

Greater New York Mut. Ins. Co. v. White Knight Restoration, Ltd.,
7 A.D.3d 292, 776 N.Y.S.2d 257 (1st Dep't 2004)............................................... 5

Inchaustegui v. 666 5th Ave. Ltd. Partnership,
96 N.Y.2d 111, 725 N.Y.S.2d 627 (2001 ......................................................... 5

Lexington 360 Associates v. First Union Nat. Bank of North Carolina,
234 A.D.2d 187, 651 N.Y.S.2d 490 (1st Dep't 1996)( ........................................ 5

Ocean Ships, Inc v. Stiles,
315 F.3d 111 (2d Cir. 2002)............................................................................. 3

Orville v. Newski, Inc.,
155 A.D.2d 799, 547 N.Y.S.2d 913 (3d Dep't 1989 ............................................ 5

Turner Constr. Co. v. Kemper Ins. Co.,
No. 01 Civ. 2899, 2008 U.S. Dist. LEXIS 7896 (S.D.N.Y. Feb. 1, 2008) ...............3,4

U.S. v. Aetna Cas. & Sur. Co.,
338 U.S. 366, 380 70 S. Ct. 207 (1949)............................................................ 3

2. **<u>Statutes</u>**

Fed. R. Civ. P. 12..................................................................................................1

Fed. R. Civ. P. 17 (a)............................................................................................1

Fed. R. Civ. P. 19 (a)..........................................................................................1,3

U.S.C.A. Const. Art. 3, Section 2, Cl 1................................................................6

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
PERMASTEELISA NORTH AMERICA
CORP.,

Civil Action No.
08 Civ. 4863 (LAK)(AJP)

                Plaintiff,

    -against-

LIBERTY MUTUAL FIRE INSURANCE
COMPANY,

                Defendant.
------------------------------------------------------------x

## REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF LIBERTY MUTUAL'S MOTION TO DISMISS

### PRELIMINARY STATEMENT

Defendant LIBERTY MUTUAL FIRE INSURANCE COMPANY ("Liberty Mutual") submits this reply memorandum of law in further support of its motion for an Order, pursuant to Fed. R. Civ. P. 12(b)(6) & (7), Fed. R. Civ. P. 17(a), and Fed. R. Civ. P. 19(a), dismissing the Complaint of plaintiff PERMASTEELISA NORTH AMERICA CORP. ("Permasteelisa") unless Travelers Indemnity Company ("Travelers") and National Union Fire Insurance Company of Pittsburgh, PA ("National Union") are substituted in the place and instead of Permasteelisa as the real parties in interest and as necessary and indispensible parties in the fair and just adjudication of the issues herein, dismissing Permasteelisa's pray for recovery of the attorneys' fees incurred in prosecuting this action,[1]

---

[1] Permasteelisa has not opposed Liberty Mutual's motion to the extent it seeks dismissal of Permasteelisa's pray for recovery of the attorneys' fees incurred in prosecuting this action.

1

and granting Liberty Mutual the costs and disbursements of this action, together with such other and further relief as this Court deems just and proper.

## ARGUMENT

### TRAVELERS AND NATIONAL UNION ARE THE REAL PARTIES IN INTEREST AND NECESSARY AND INDISPENSIBLE PARTIES TO THIS ACTION

Permasteelisa's opposition appears to ignore the relief sought in its own Complaint. Permasteelisa does not simply seek a declaratory judgment that Liberty Mutual's policy provides coverage to it for the Underlying Action (as "Underlying Action is defined in Liberty Mutual's moving papers). Permasteelisa, instead, seeks a determination of the priority of coverage as between Liberty Mutual's policy and Travelers' policy, and it specifically seeks reimbursement of monies paid by Travelers. Thus, in the last paragraph of its first claim for relief, Permasteelisa alleges as follows:

> 20. Plaintiff is entitled to a judicial declaration that Liberty is obligated to: (1) defend PCT in the O'Keefe Action **on a primary non-concurrent basis**; and (2) **reimburse Travelers**, for sums expended defending PCT in the *O'Keefe* Action. (Emphasis supplied.)

In the last paragraph of its second claim for relief, Permasteelisa alleges as follows:

> 24. Plaintiff is entitled to a judicial declaration that Liberty is obligated to indemnify PCT for any verdict, judgment or settlement in the *O'Keefe* Action on **a primary non-concurrent basis**. (Emphasis supplied.)

Similarly, in its ad damnum, Permasteelisa seeks a determination that Liberty owes coverage on a "primary non-concurrent basis" and "is obligated to reimburse Travelers for all sums expended in defending PCT in the *O'Keefe* Action."

2

The relief sought clearly runs to the benefit of Travelers and National Union, and not Permasteelisa. Permasteelisa does not allege that Travelers and National Union provide insufficient coverage for the Underlying Action. Permasteelisa does not allege that a single dollar of its own monies is a risk in the Underlying Action. Permasteelisa is not the real party in interest.

Travelers has actually paid all of the defense costs on behalf of Permasteelisa. These defense costs are the only loss allegedly suffered to date. As such, Travelers has actually paid the entire loss alleged suffered by Permasteelisa, and it is truly the only real party in interest. Travelers "must sue in its own name." U.S. v. Aetna Cas. & Sur. Co., 338 U.S. 366, 380-81, 70 S. Ct. 207, 215 (1949); Ocean Ships, Inc v. Stiles, 315 F.3d 111, 116 (2d Cir. 2002).[2]

The case Permasteelisa cites (and attaches to its memorandum of law) fully supports Liberty Mutual's position herein. As this Court held in Turner Constr. Co. v. Kemper Ins. Co., No. 01 Civ. 2899, 2008 U.S. Dist. LEXIS 7896, *2 (S.D.N.Y. Feb. 1, 2008), "[t]he issue regarding contribution among insurers should be reserved to proceedings in which those insurers are parties." See BP Air Conditioning Corp. v. One Beacon Ins. Group, 8 N.Y.3d 708, 716, 840 N.Y.S.2d 302, 307 (2007)(held that Court could not determine priority of coverage unless all insurers are parties to the suit).

---

[2] To the extent this Court allows this action to proceed via ratification, Travelers and National Union must file certificates agreeing (1) that Permasteelisa is authorized to prosecute this action for their benefit; (2) to be bound by final determination in this case; and (3) to be subject to this Court's authority for purposes of discovery. See Clarkson Co. Ltd. v. Rockwell Intern. Corp., 441 F. Supp. 792, 797 (N.D. Cal. 1977). Ratification, however, does not resolve the Fed. R. Civ. P. 19 (a) issues raised by this motion.

3

In the case of bar, Permasteelisa seeks relief concerning the priority of coverage between Liberty Mutual and Travelers. Permasteelisa does not simply seek a determination as to whether the claim fall within the insuring provisions of Liberty Mutual's policy. It seeks a determination that Liberty Mutual's policy applies "on a primary non-contributing basis" and that Liberty Mutual must "reimburse Travelers" for prior defense cost payments. The priority of coverage between Travelers and Liberty Mutual is the core issues that Permasteelisa asks this Court to determine. As per BP Air Conditioning Corp. and Turner Constr. Co., those issues cannot be determined unless Travelers is a party to this suit.[3]

Permasteelisa, moreover, ignores that if Travelers and National Union are not joined to this action, Liberty Mutual would be subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations. If Liberty Mutual prevails herein, Travelers and National Union, as non-parties, would not be barred by res judicata or collateral estoppel. They could attempt to re-litigate Liberty Mutual's coverage obligations and/or the priority of coverage. Liberty Mutual would be subject to multiple litigations, and perhaps inconsistent rulings, on whether it owes coverage and the order of coverage for the Underlying Action. If Permasteelisa prevails and recovers defense costs, Travelers may be able to pursue recovery of the same defense costs – threatening Liberty Mutual with incurring double obligations for the same costs.

To the extent Permasteelisa asserts that it is merely seeking to enforce a contract right against Liberty, it ignores that actual damages are a necessary element in any

---

[3] For completeness sake, all relevant insurers, including National Union, should be joined to this action.

4

breach of contract action. See Orville v. Newski, Inc., 155 A.D.2d 799, 547 N.Y.S.2d 913, 914 (3d Dep't 1989)(held that breach of contract counterclaim should be dismissed because plaintiff suffered no damages and "damages are an essential element of a breach of contract cause of action"); Lexington 360 Associates v. First Union Nat. Bank of North Carolina, 234 A.D.2d 187, 189-190, 651 N.Y.S.2d 490, 492 (1st Dep't 1996)(mere allegation of breach of contract, without facts showing damages, is "not sufficient to sustain a complaint"). The "collateral source rule" does not apply to breach of contract actions. See Inchaustegui v. 666 5th Ave. Ltd. Partnership, 96 N.Y.2d 111, 116, 725 N.Y.S.2d 627, 631 (2001).[4] As such, a breach of contract action may not be maintained where the claimant has been fully made whole by the availability of other insurance. See Greater New York Mut. Ins. Co. v. White Knight Restoration, Ltd., 7 A.D.3d 292, 293, 776 N.Y.S.2d 257, 258 (1st Dep't 2004); Carnegie Hall Corp. v. City University of New York, 286 A.D.2d 214, 215-16, 729 N.Y.S.2d 93, 94-95 (1st Dep't 2001).

In the case at bar, Permasteelisa has alleged that Travelers has agreed to defend it in the Underlying Action. It does not allege, indicate, or argue that Travelers and/or National Union will not fully pay any judgment rendered against it or settlement reached in the Underlying Action, if such event occurs. As such, Permasteelisa has not, and cannot, allege that it suffered or will suffer any damages. Any action based upon Liberty Mutual's breach of its insurance policy must therefore fail.

---

[4] Under the collateral source rule, a personal injury award may not be reduced or offset by the amount of any compensation that the injured person may receive from a source other than the tortfeasor. See Inchaustegui, 96 N.Y.2d at 115, 725 N.Y.S.2d at 630.

As a matter of practicality, this Court cannot grant any effective relief without Travelers and National Union as parties herein. As the Court of Appeals noted in BP Air Conditioning Corp., 8 N.Y.3d at 716, 840 N.Y.S.2d at 307, all of the insurers must be parties to this action to determine the priority of coverage. As such, even if this Court were to determine that the Underlying Action triggers coverage under Liberty Mutual's policy, it does not mean that Liberty Mutual would be obligated to participate or pay for the defense of the Underlying Action or for any Judgment or settlement therein. The issue of which insurer owes the primary coverage – Travelers or Liberty Mutual (or National Union) – would be left unanswered. At best, without participation of all of the insurers, this Court will be asked to render an advisory opinion without any real affect. See Application of Wattanasiri, 982 F. Supp. 955, 957-58 (S.D.N.Y. 1997)(held that District Court lacks jurisdiction to issue advisory opinions); U.S.C.A. Const. Art. 3, Section 2, Cl. 1.

Accordingly, this Court should dismiss the Complaint unless Travelers and National Union are substituted as plaintiffs for Permasteelisa, as the real parties-in-interest and necessary and indispensible parties to the fair and just adjudication of the issues herein. Without their participation, any determination by this Court would be advisory at best.

## CONCLUSION

For the foregoing reasons, it is respectfully requested that this Court grant Liberty Mutual's motion and dismiss the Complaint unless Travelers and National Union are substituted in the place and instead of Permasteelisa as the real parties in interest and as

necessary and indispensible parties in the fair and just adjudication of the issues herein, dismiss Permasteelisa's pray for recovery of the attorneys' fees in prosecuting this action, and grant Liberty Mutual the costs and disbursements of this action, together with such other and further relief as this Court deems just and proper.

Dated:   New York, New York
         July 14, 2008

>                               Respectfully submitted,
>
>                               JAFFE & ASHER LLP
>
>                               By: _____
>                                   Marshall T. Potashner (MTP-3552)
>                               Attorneys for Defendant
>                               LIBERTY MUTUAL FIRE
>                               INSURANCE COMPANY
>                               600 Third Avenue, 9th Floor
>                               New York, New York  10016
>                               (212) 687-3000