UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

PERMASTEELISA NORTH AMERICA CORP.,

        Plaintiff,

-against-

LIBERTY MUTUAL FIRE INSURANCE COMPANY,

        Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/15/08

08 Civ. 4863 (LAK)

## MEMORANDUM AND ORDER

LEWIS A. KAPLAN, *District Judge.*

        Plaintiff, whose alleged predecessor in interest is a third party defendant in another action in which it is being defended by Travelers Indemnity Company ("Travelers"), seeks a declaration that it is covered by a policy issued by defendant Liberty, that Liberty is obliged to defend it and reimburse Travelers for the costs of defense to date in the underlying action, and that Liberty's coverage is primary to that afforded by Travelers and National Union. Liberty moves to dismiss the complaint unless Travelers and National Union are substituted as plaintiffs in place of Permasteelisa on the ground that they are the real parties in interest and in any case are necessary and indispensable parties.

        It may well be, under applicable law, that an insurer that has compensated an insured for an entire loss becomes, as between the two, the only real party in interest. But the complaint here

2

does not allege that Travelers and/or National Union have compensated plaintiff for the entire loss.[1] Accordingly, plaintiff remains a real party in interest and may prosecute the action in its own name. The real question is whether Travelers and/or National Union should or must be joined. *See, e.g., International Equity Invests., Inc. v. Opportunity Equity Partners, L.P.*, 411 F. Supp.2d 458, 462-64 (S.D.N.Y. 2006).

The question whether a party is indispensable is governed by Rule 19. A court first determines whether the allegedly indispensable party is "necessary" within the meaning of Rule 19(a). If it is necessary, the court either must order its joinder or, if joinder is not feasible, determine under Rule 19(b) whether its presence is indispensable to proceeding with the action. *See generally ConnTech Dev. Co. v. Univ. of Conn. Educ. Prop., Inc.*, 102 F.3d 677, 681 (2d Cir.1996).

A party is "necessary" within the meaning of Rule 19(a) if complete relief cannot be granted in its absence or the party claims an interest in the subject matter of the action:

> "and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest."

Plaintiff here seeks a determination of the order of precedence of insurance policies issued by Liberty, National Union and Travelers. In the absence of some other vehicle for binding National Union and Travelers to the outcome on this point as between plaintiff and Liberty, Liberty could find itself subject to inconsistent obligations. Accordingly, the absent carriers are parties who

---

[1] Unsworn assertions in Liberty's memorandum are no substitute for proof and would be insufficient in any case in view of the fact that the underlying case remains open and thus could lead to uncompensated losses even if it has not done so to date.

                                                                                                    3

should be joined if their joinder is feasible and, if not, whether and on what terms the action nevertheless may proceed in their absence. The parties have not addressed these issues.

Accordingly, the defendant's motion [DI 7] is granted to the extent that the Court determines that National Union and Travelers are parties required to be joined if feasible and denied in all other respects. This order is without prejudice to a renewed motion to dismiss on the ground, if it should prove the case, that the joinder of National Union and Travelers is not feasible.

SO ORDERED.

Dated:      July 15, 2008

                                                    _____
                                                            Lewis A. Kaplan
                                                       United States District Judge