```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
```
| | |
|---|---|
| PERMASTEELISA NORTH AMERICA CORP., | Civil Action No. 08 Civ. 4863 (LAK)(AJP) |
| Plaintiff, | |
| -against- | |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, | **ANSWER** |
| Defendant. | |

```
-----------------------------------------------------------x
```

**M A D A M S/S I R S:**

Defendant LIBERTY MUTUAL FIRE INSURANCE COMPANY ("Liberty Mutual"), by its attorneys, JAFFE & ASHER LLP, as and for its Answer to the Complaint, states as follows:

1. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "1" of said complaint.

2. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "3" of said complaint.

3. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "4" of said complaint.

4. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "5" of said complaint.

5. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "6" of said complaint.

1

6. Denies each and every allegation contained in paragraph "7" of said complaint, except Liberty Mutual admits that it issued Commercial General Liability policy, No. RG2-621-004503-020, with a policy period from June 1, 2000 to March 1, 2003, to Tishman Westside Construction, LLC as the first Named Insured and respectfully refers this Court to the policy for the terms and provisions thereof.

7. Denies each and every allegation contained in paragraph "8" of said complaint, except Liberty Mutual admits that it issued Commercial General Liability policy, No. RG2-621-004503-020, with a policy period from June 1, 2000 to March 1, 2003, to Tishman Westside Construction, LLC as the first Named Insured and respectfully refers this Court to the policy for the terms and provisions thereof.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "9" of said complaint.

9. Denies each and every allegation contained in paragraph "10" of said complaint.

10. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "11" of said complaint.

11. Denies knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph "12" of said complaint, except that Liberty Mutual admits that by letter dated July 9, 2007 to AIG Domestic Claims, Inc., Liberty Mutual disclaimed coverage.

12. Denies each and every allegation contained in paragraph "13" of said complaint, except that Liberty Mutual admits that Travelers notified Liberty Mutual of the claim by letter sent via E-mail dated July 16, 2007 and that Liberty Mutual responded and disclaimed coverage again by letter dated July 16, 2007.

### AS AND FOR A RESPONSE TO THE FIRST CAUSE OF ACTION

13. Repeats and realleges the denials and admissions as they relate to paragraph "14" of said complaint.

14. Denies each and every allegation contained in paragraph "15" of said complaint, except Liberty Mutual admits that it issued Commercial General Liability policy, No. RG2-621-004503-020, with a policy period from June 1, 2000 to March 1, 2003, to Tishman Westside Construction, LLC as the first Named Insured and respectfully refers this Court to the policy for the terms and provisions thereof.

15. Denies each and every allegation contained in paragraph "16" of said complaint, except Liberty Mutual admits that it issued Commercial General Liability policy, No. RG2-621-004503-020, with a policy period from June 1, 2000 to March 1, 2003, Tishman Westside Construction, LLC as the first Named Insured and respectfully refers this Court to the policy for the terms and provisions thereof.

16. Denies each and every allegation contained in paragraph "18" of said complaint.

17. Denies each and every allegation contained in paragraph "19" of said complaint.

18. Denies each and every allegation contained in paragraph "20" of said complaint.

## AS AND FOR A RESPONSE TO
## THE SECOND CAUSE OF ACTION

19. Repeats and realleges the denials and admissions as they relate to paragraph "21" of said complaint.

20. Denies each and every allegation contained in paragraph "23" of said complaint.

21. Denies each and every allegation contained in paragraph "24" of said complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

22. The Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

23. The Complaint is barred in whole or in part by the doctrines of waiver and/or estoppel.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

24. Plaintiff's attempts to modify, amend, or otherwise change the terms and conditions of the policy at issue are barred by the statute of frauds and/or parole evidence rule.

### **AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

25. Any recovery must be reduced to the extent plaintiff failed to mitigate, minimize or avoid any damage allegedly sustained arising out of the handling, defending, and/or settling of the underlying action.

### **AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

26. Plaintiff's claims are or may be barred in whole or in part to the extent the attorneys' fees and other costs allegedly incurred in connection with the defense of the underlying action are unreasonable or unnecessary.

### **AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

27. Plaintiff is not an insured or additional insured pursuant to the terms of the policy at issue.

### **AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

28. Plaintiff lacks privity of contract with Liberty Mutual.

### **AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE**

29. Liberty Mutual does not have any obligation to reimburse plaintiff for costs incurred prior to when the claim was first tendered to Liberty Mutual for a defense and indemnity.

### **AS AND FOR A NINTH AFFIRMATIVE DEFENSE**

30. Plaintiff is not the real party in interest.

## AS AND FOR A TENTH AFFIRMATIVE DEFENSE

31. Plaintiff has failed to join Travelers Indemnity Company and National Union Fire Insurance Company of Pittsburgh, PA as parties to this action, which are both necessary and indispensible parties.

## AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

32. Plaintiff's claims for relief are barred in whole or in part by exclusions, limits of liability, endorsements, conditions, and definitions contained in the insurance policy.

## AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE

33. Liberty Mutual's policy provides, in relevant part, as follows:

2. **Duties In The Event Of Occurrence, Offense, Claim or Suit.**

**a.** You must see to it that we are notified as soon as practicable of an "occurrence" or an offense which may result in a claim. To the extent possible, notice should include:

**(1)** How, when and where the "occurrence" or offense took place;
**(2)** The names and addresses of any injured persons and witnesses; and
**(3)** The nature and location of any injury or damage arising out of the "occurrence" or offense.

**b.** If a claim is made or "suit" is brought against any insured, you must:

**(1)** Immediately record the specifics of the claim or "suit" and the date received; and
**(2)** Notify us as soon as possible.

> You must see to it that we receive written notice of the claim or "suit" as soon as practicable.

34.  There is no coverage for the plaintiff due to its failure to comply with the above policy provisions.

### AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE

35.  The claim alleged in the underlying action does not fall within the policy period of the Liberty Mutual policy at issue.

### AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE

36.  The Liberty Mutual policy at issue is subject to a $250,000 per occurrence deductible.

37.  The deductible endorsement, which is part of the Liberty Mutual policy provides, in relevant part, as follows:

> **A.   This Deductible Applies**
>
> 1.   Each Occurrence
>
> You are responsible, up to the deductible amount shown above [$250,000], for the total of:
>
> a.   all damages, including amounts paid in settlement of a claim or "suit", plus
>
> b.   any other expenses described in SUPPLEMENTARY PAYMENTS-COVERAGES A AND B;
>
> because of all "personal injury" and "property damage" as the result of any one "occurrence".
>
> We are responsible for those amounts of damages to which this insurance applies (subject to the applicable limits of insurance)

> and Supplementary Payments that exceed the applicable deductible amount shown above.
>
> We have the right but not the duty to advance any part or all of the deductible amount. If we exercise this right, you must promptly reimburse us for any such amounts advanced. All such amounts advanced shall remain your sole and exclusive liability. Exercise of our right to advance such amount shall not create any obligations or be construed as a waiver or estoppels of our rights under this policy.

38. The deductible has not been satisfied, and Liberty Mutual has no obligation to advance any part of the deductible amount.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

39. Any coverage afforded by Liberty Mutual's policy would be excess of coverage available from other insurers.

## AS AND FOR A SIXTEENTH AFFIRMATIVE DEFENSE

40. Upon information and belief, plaintiff's defense and indemnity is being completely funded by another insurer; thus, plaintiff has suffered no damages.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

41. Upon information and belief, plaintiff's defense and indemnity is being completely funded by another insurer or other insurers.

42. Upon information and belief, plaintiff's pursuit of the causes of action alleged herein are being funded by such insurer or insurers and are nothing more than an attempt by such other insurer or insurers to avoid the primary nature of their coverage.

43. As such, the Complaint is barred.

**WHEREFORE**, defendant LIBERTY MUTUAL FIRE INSURANCE COMPANY demands judgment dismissing the Complaint, and granting to said defendant the costs and disbursements of this action together with such other and further relief as which this Court deems just and proper.

Dated:   New York, New York
         August 25, 2008

Yours, etc.,

JAFFE & ASHER LLP

By:   /s/ David R. Shyer
    Marshall T. Potashner, Esq. (MP 3552)
    MPotashner@Jaffeandasher.com
    David R. Shyer (DS 6506)
Attorneys for Defendant
LIBERTY MUTUAL FIRE INSURANCE COMPANY
600 Third Avenue
New York, New York 10016
(212) 687-3000

TO:   CLIFTON BUDD & DEMARIA, LLP
     Attorneys for Plaintiff
     PERMASTEELISA NORTH AMERICA CORP.
     420 Lexington Avenue, Suite 420
     New York, New York  10170-0089
     (212) 687-7410